THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL A. WAYMAN, Appellant.

Under the provision of the Code of Criminal Procedure (§ 542), which requires this court, on appeal to it in a criminal case, to " give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties," where incompetent evidence bearing upon a collateral issue has been received, but it appears that the evidence could have had no important effect upon the result, the error is not a sufficient ground for a reversal.

It is not error for a court to refuse to embody the language of an elementary writer in a charge to the jury; the trial judge may select the words

in which he chooses to express his views of the law, and unless he lays; down incorrect propositions, or refuses to instruct them as to pertinent, material and necessary points, there is no error calling for the interposition of an appellate court.

(Argued April 22, 1891; decided June 9, 1891.)

APPEAL from judgment of the Court of Oyer and Terminer,. held in and for the county of Livingston, entered upon a ver‑ dict convicting the defendant of the crime of murder in the: first degree.

The following are extracts from the opinion :

" The defendant was indicted at the Livingston county Oyer and Terminer, in May, 1890, jointly with Nelson Swartz, for the crime of murder in the first degree, in killing one Emory Thayer at Avon, Livingston county, by shooting him with a. pistol, on October 27, 1885, while the defendants were engaged in the perpetration of the crime of burglary in the house of said Thayer. Before the trial, upon the request of Swartz, the court ordered the defendants to be separately tried, and thereupon the district attorney moved the trial of the defend‑. ant Wayman. The jury found the defendant guilty of the: crime charged, and he appeals from the judgment of convic‑ tion to this court.

" The principal ground urged by him for a reversal of the judgment is that the verdict is against the weight of evidence, and that under the provisions of the Code of Criminal Pro‑ cedure, as amended by chapter 493 of the Laws of 1887,. authorizing this court to grant a new trial if it is satisfied that· the verdict was against the weight of evidence, or against law,. or that justice requires a new trial, whether exceptions shall have been taken or not in the court below, he should have a new trial. This act has been the subject of consideration in this court in several cases, and especially in the *Cignarale* case (110 N. Y. 23), where the rule was laid down that ' in deter‑ mining whether a new trial should be granted under the stat‑ ute, it is not the province of this court to review and deter‑ mine controverted questions of fact arising upon conflicting evidence. The jury is the ultimate tribunal in such a case, and with its decision the court may not interfere, unless it reaches

the conclusion that injustice has probably been done.' The decision of the case, therefore, requires that we should examine the evidence given on the trial."

'After a full presentation and discussion of the evidence the opinion proceeds thus :

" We are not prepared to say that the jury erred in disposing of the question presented, or that any such injustice has been done the defendant in the result of the case on the facts, as requires us to grant a new trial.

" The exceptions taken to the admission and exclusion of evidence and to the judge's charge, are generally quite unimportant and require but little consideration. The defendant's counsel read a section from Greenleaf on Evidence in respect to the weight to be given to proof by parol admissions, and requested the court to charge the jury in the language there employed. While the work referred to is, undoubtedly, one of high reputation and entitled to great weight in the consideration of questions of evidence, it is not error for a court to refuse to embody the language of an elementary writer in a charge to the jury. The language used by the author might not have been improper ; but the judge must be left to select the words in which he chooses to express his views of the law to the jury, and unless he lays down incorrect propositions, or refuses to instruct them as to pertinent, material and necessary points called for by the circumstances of the case, he does not commit any error calling for the intervention of an appellate court. We think the judge said all on the subject of evidence by admissions, which the nature of the case required.

" It is also claimed that error was committed by the trial judge in permitting the witness Swartz to state the contents of the letter received by him from Wayman, which had been destroyed. Swartz had testified that he was unable to read writing and was informed of the contents of the letter by another who read it to him. His knowledge on the subject was, therefore, apparently hearsay and presumptively inadmissible. The case, however, is peculiar and the authorship and contents of the letter are confirmed by many circumstances aside from the evidence of Swartz.

" It was testified by Wayman that when he started for Holly he promised to communicate with Swartz if he found work for him to do and that he did write to him from that place about the time this letter was received by Swartz.

" There was also proof that Wayman admitted that he wrote a letter to Swartz requesting a meeting with him at Lakeville but claimed that there was nothing in the letter referring to the murder.

" Whatever question, therefore, there may be about the admissibility of this evidence, it may be obviated by considering the effect which it probably had upon the result of the case.

" The evidence was undoubtedly relevant and proper to be taken into consideration with the other proof in the case.

" There was nothing in the contents of the letter as testified to by Swartz, bearing upon the circumstances of the crime and it was material only as affording support to Swartz's testimony that he did meet Wayman on the day in question. This was a collateral circumstance and the case would not have been materially impaired if the evidence objected to had been stricken from the case.

" In view of these circumstances and the strength of the case against the defendants, we think the erroneous admission of Swartz's evidence, as to the contents of the letter, had no important effect upon the result of the trial, and authorizes us to decline to grant a new trial under the provisions of section 542 of the Code of Criminal Procedure for this reason. There seems to be no other exception of sufficient importance to merit discussion.

" The judgment should, therefore, be affirmed."

*George P. Coyne* for appellant.

*George W. Daggett* for respondent.

Ruger, Ch. J., reads for affirmance.
All concur, except Andrews, J., not voting.
Judgment affirmed.