## PEOPLE *v.* STODDARD.

*(Supreme Court, General Term, Fourth Department.  May 13, 1892.)*

FORGERY—EVIDENCE.

Where, on a trial for forging a note, there is evidence that the note was a genuine one, given for a loan of the same amount made by defendant to complainant, testimony of complainant's husband that he did not know or hear of her having that amount of money at or about the time of the execution of the note is inadmissible.

Appeal from court of sessions, Herkimer county.

Dwight Webster Stoddard was convicted under an indictment for forgery in the second degree, and appeals. Reversed.

The indictment alleged that defendant forged the name of Mary E. Mack to a note dated October 19, 1888, for $400. A number of witnesses testified that, in their opinion, the signature on the note was the genuine one of complainant, which she denied.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*J. A. Steele,* for appellant.  *I. R. Devendorf,* Dist. Atty., for the People.

PER CURIAM. During the trial some evidence was given tending to warrant an inference that prior to the execution of the disputed note the defendant had loaned to her $400, and that she had executed the note to evidence such loan. The people called George W. Mack, the complainant's husband, and put to him the following question: "*Question.* Did you know or hear of your wife having $400 at or about October 19, 1888?" This was objected to, and the objection overruled, and defendant excepted. The witness answered: "No, sir." Then the people put the following question: "*Question.* Did you know or hear of your wife's having $400 at any time during the year 1887, that is, from September 1st?" Objections were taken and overruled, and defendant excepted. The witness answered: "No, sir." We are of the opinion that the court erred in receiving the evidence. We cannot say that the error was not prejudicial to the defendant, and disregard the error, under the rule laid down in section 542 of the Code of Criminal Procedure. We cannot say that the evidence had no effect upon the result. *People* v. *Wayman,* 128 N. Y. 585, 27 N. E. Rep. 1070. The issues were sharply contested at the trial, and, to say the least, the case was a close one on the main questions, and the evidence thus improperly received may have influenced the jury. Other questions were discussed before us upon the argument, which need not be considered, as the error we have pointed out requires a new trial. Conviction and order and judgment reversed, and the clerk directed to enter judgment and serve a certified copy thereof, with the return and decision of this court, to the court of sessions of Herkimer county, pursuant to sections 547 and 548 of the Code of Criminal Procedure.