BRIDGET GILLESPIE, as Administratrix, etc., of JOHN GILLESPIE, Deceased, Appellant, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Respondent.

*Charge — duty of a master as to the purchase and inspection and care of a steam boiler — risks assumed by the servant.*

If the charge, as a whole, correctly instructs the jury on the questions of law which are involved, and presents them fairly, so that the jury are not misled, the charge must be sustained, although detached portions of it might be subject to criticism.

When the court has once given to the jury correct instructions on any point, and has said all that it is necessary to say on that subject, it is not bound to repeat this instruction in terms varied to suit the wishes of either party.

Upon the trial of an action brought to recover damages resulting from the death of the plaintiff's intestate, caused by the explosion of a steam boiler, the court, in its charge, instructed the jury to the effect that it was the duty of the master to furnish suitable machinery, use reasonable diligence to keep it in repair, and where it was of such a nature that it became highly dangerous when not in good repair, to make reasonable inspection and examination for indications of danger, and that the defendant was liable for the omission of such care as men of ordinary prudence engaged in the use of a steam boiler under similar circumstances would exercise, and for any imperfections in the boiler which contributed to the explosion and which were known to it; that an inspection of the boiler by the police department did not establish that the defendant was not guilty of negligence; that its duty was not limited to the measures imposed by statute, but that it should use the ordinary precautions prescribed by ordinary prudence and diligence to avoid accidents; that although the inspection of the boiler had been intrusted to competent and careful persons, yet, if those persons were guilty of negligence in a particular instance, the master was liable.

*Held,* that the charge was sufficiently full, and contained all the instructions to which the plaintiff was entitled, and that it contained no errors which would warrant a reversal of the judgment rendered.

When a servant voluntarily enters into or continues in the services of his employer, having knowledge of, or the means of knowing, the dangers involved, he is deemed to have assumed the risks of the business, and to have waived any claims for damages against the master in case of personal injury.

APPEAL by the plaintiff, Bridget Gillespie, as administratrix, etc., of John Gillespie, deceased, from a judgment of the Court of Common Pleas for the city and county of New York in favor of the defendant, entered in the office of the clerk of said court on the 13th day of June, 1895, upon the verdict of a jury rendered after

a trial at a Trial Term of said court, and also from an order entered in said clerk's office on the 6th day of June, 1895, denying her motion for a new trial made upon the minutes.

*Thomas P. Wickes*, for the appellant.

*John M. Scribner*, for the respondent.

RUMSEY, J. :

This action was brought to recover damages arising from negligence of the defendant which resulted in the death of the plaintiff's intestate, who was at that time in the defendant's employ. The accident occurred on the 2d day of November, 1893, by the explosion of a steam boiler situated in the building occupied by the defendant in East Fourteenth street. It was claimed, on the part of the plaintiff, that the explosion of the boiler was due to defects which ought to have been discovered by the defendant if there had been a proper inspection, and that the defendant was negligent in not properly inspecting the boiler. The case was submitted to a jury and a verdict was rendered for the defendant upon which judgment was entered. A motion for a new trial upon the judge's minutes was made and denied, and an appeal was taken from the order denying that motion, but that appeal has been withdrawn and the case stands here solely upon the appeal from the judgment. No question is made as to the sufficiency of evidence to sustain the verdict. The plaintiff asks for a new trial solely upon the grounds of the exceptions taken upon the trial. Indeed, all the evidence taken in this case is not presented, but only so much of it is included in the case as is supposed by the appellant to be necessary to present the questions which have been argued. Several exceptions were taken to the admission of evidence. Some of these are practically disposed of by what has been said in the case of *Egan* v. *D. D., E. B. & B. R. R. Co.* (*post,* p. 556), argued just before this case, but none of the exceptions to evidence are relied upon in the plaintiff's brief, and no exceptions will be examined except those which have been discussed therein.

The general rules of law which control in cases of this kind are well settled, and the difficulty usually occurs in the application of the rules as to which no question can arise.

The duty of the defendant with regard to the boiler, the explosion of which caused this injury, was fully examined in the case of *Egan*, just referred to, and which arose out of the same accident. In that case a verdict was rendered for the plaintiff, and that judgment has been affirmed upon the ground that the evidence warranted the finding for the plaintiff, and that the exceptions taken by the defendant could not be sustained. This case was tried before the case of *Egan*, and as no question arises upon the facts here, it must be determined solely upon the rulings made upon the trial, and *Egan's* case is not an authority except so far as it lays down the general rules which are applicable to all cases of this kind.

The only questions which the plaintiff raises upon this appeal are presented upon alleged errors in the charge of the court or in its refusal to charge requests presented by the plaintiff. In considering these errors it must not be forgotten that the sole object of the charge of the court is to present to the jury plainly, correctly and distinctly, the legal propositions upon which the case depends; to state to them the questions of fact which it is necessary that they should decide, and to explain to them, so far as the judge may deem proper, the relation which the several facts appearing in the case bear to the legal questions which are presented. The manner in which that shall be done is entirely within the discretion of the trial court. If the charge, as a whole, correctly instructs the jury on the questions of law which are involved, and presents them fairly, so that the jury are not misled, the charge must be sustained, although detached portions of it might be subject to criticism. As is said by CHURCH, Ch. J., in *Caldwell* v. *New Jersey Steamboat Company* (47 N. Y. 282, 285): "If the charge, as a whole, conveyed to the jury the correct rule of law on a given question, the judgment will not be reversed although detached sentences may be erroneous."

Many of the exceptions arise from the refusal of the court to charge different requests of the counsel. In examining the correctness of these refusals, it is necessary to consider not only whether the requests were correct, but also whether the charge of the court substantially covered, in correct terms, the subjects included in the requests, because, if it did, it would not be error to refuse the requests. When the court has once given to the jury correct instructions on any point, and said all that is necessary to be said on

that subject, it is not bound to repeat this instruction in terms varied to suit the wishes of either party. (*Northwestern Ins. Co.* v. *Muskegon Bank*, 122 U. S. 501, 510; *People* v. *Wayman*, 128 N. Y. 585; *Rexter* v. *Starin*, 73 id. 601; *Laidlaw* v. *Sage*, 2 App. Div. 374, 378.) Bearing in mind these rules, which it will not be necessary to repeat, we will consider the charge and the requests to charge, and see whether there appear any errors which require a reversal of this judgment.

The first exception relied upon by the plaintiff is to the refusal to charge the seventh request of the plaintiff, which was: "It is for the jury to say, from all the facts, whether or not the defendants were chargeable with negligence in the use of the boiler, under the circumstances. The defendants must be held liable for such defects in the manufacture of the boiler, or in its subsequent condition, which they knew or ought to have known, and for any negligence in the use of the boiler which can be attributed to them." In examining this request it is to be remarked that there was no proof in the case that there were any defects in the manufacture of the boiler. On the contrary, the evidence is undisputed that this boiler was made by reputable makers who had an established reputation for the manufacture of boilers; that the iron was of good quality, and that there was nothing which could raise an inference that it did not come to the defendants in perfect condition from the manufacturers, and that it was not then entirely fitted for the purpose for which it was constructed. For that reason it was not error to refuse to charge in the words in which the request was framed. But the court had practically charged not only all that it was required to upon the subject, but substantially all that was proper in the seventh request which was refused. The jury had been told that, in the performance of his duty, the master must not only furnish suitable and safe machinery in the first instance, but must also use reasonable diligence to keep it in repair; and where the machinery or appliance is of such a nature that it becomes highly dangerous when not in good repair, then the duty is imposed upon the master of making such reasonable inspection and examination for indications of danger as are suitable and proper under the circumstances, and are prescribed by the practice of ordinary men under similar circumstances; that the defendants were liable for the omission of such care as men of ordi-

nary prudence, engaged in the use of such a steam boiler in such a business, would exercise, and they must be held liable for any imperfections in the boiler which contributed to the explosion, which were known to them. The court had further instructed that the defendant was not liable unless the jury are satisfied from the evidence that the defendant failed to exercise ordinary care, skill and diligence in the purchase and setting up, or in the management and use, of the steam boiler  The question was left to the jury, whether the defendants exercised that care which it is presumed that an ordinarily prudent and careful man would exercise under the circumstances by which he was surrounded.

It seems to us that the portions of the charge thus quoted gave to the jury the proper rule of law, and instructed them sufficiently as to the nature of the liability of the defendant; and that even though the seventh request, above quoted, had not been too broad, the court had sufficiently instructed the jury on the point covered by it.

It is complained that the court erred in refusing to instruct the jury in the words of the third request, which is, substantially, that ordinary care required that the master should take notice of the liability of machinery to wear out, and that the owner did not exercise ordinary care who gave no attention to the state of machinery, boilers, or the like, which is liable to wear out by continual use, and it was, therefore, necessary in the operation of an appliance like a steam boiler, which is dangerous when out of repair, and which, after a number of years, commences to deteriorate more rapidly, to make reasonably frequent examinations of it to see that it is kept in good repair, or replace it when it becomes so worn as to be no longer safe. This request was not based upon the evidence in the case, and was not based in all its parts upon a fair inference from the evidence. There was nothing to show that the defendants here gave no attention to the effect upon the boiler which is produced by continued use, nor was there any evidence in the case from which the jury might have said that the boiler was deteriorated on account of age. As we have seen, the court had already charged the jury as to the necessity of reasonable inspection by the master, and that instruction was all that the plaintiff was entitled to ask for at the hands of the court.

The next error insisted upon is the refusal to charge the eleventh request, which is that "if a master, in the performance of his duty of inspection of appliances which he furnishes to his servants, relies upon the acts of strangers not employed by him, in inspecting the boiler, and accepts their report in lieu of causing a proper inspection to be made by careful persons selected by himself, he, in effect, becomes responsible for the proper selection of such examiners and for their proper performance of the duty which they undertake. The defendant company cannot escape this liability by the plea that it supposed the examination by the police department was thorough and sufficient. If, as matter of fact, that examination was insufficient and improperly performed, it does not matter whether the defendant knew it or not. It cannot shut its eyes and take the risk on the sole faith of an inspection, of whose character it knew nothing."

It is quite evident that this request to charge was not warranted by anything in the case. There was no proof in the case that the defendant shut its eyes and took the risk of this boiler on the faith of an inspection of whose character it knew nothing, nor was there any proof that the persons who inspected the boiler on behalf of the police department were not proper persons for their position and did not inspect the boiler thoroughly and sufficiently within the rules of that department. The inspection required by those rules was the hydrostatic test. It was conceded that that test was applied and there was nothing in the case to show that it was not properly applied. The question was whether or not the defendants had the right to rely upon that test alone, and that was the only question in connection with it. Upon that point the jury had already been informed, in compliance with the request of the plaintiff, that the inspection by the police department did not establish that the defendant was not guilty of negligence; that their duty was not limited to the measures imposed by the statute, but that they should, in addition to those inspections, use those ordinary precautions to avoid accidents which are prescribed by ordinary prudence and diligence. This is all the instruction upon that subject to which the plaintiff was entitled, and the court was not called upon to give the instruction in the particular words specified in the eleventh request.

It was not error to refuse to charge the twelfth request, because

the court had already instructed the jury to the same effect and in substantially the same words. The jury had been told that, although the performance of inspection was intrusted to competent and careful persons, yet, if those persons were in a particular instance guilty of negligence, the master is liable, for the act or omission was his, irrespective of the instrumentality through which he attempted to perform it. This rule of law was correct. It was given substantially as requested by the plaintiff, and, although the court might properly enough have charged it again, it was not called upon to do so after having once instructed the jury upon that subject.

The same may be said of the thirteenth request. That is one request and it contains several propositions of law, all of which, at one time or another, were submitted to the jury in the judge's charge. The only negligence which could be predicated of any servant in the management of this boiler was the failure to properly inspect it, and the jury were told more than once in the case that any such failure was the failure of the defendant, and that he was liable for it.

The court was not called upon to call the attention of the jury to any particular evidence in the case. The jury had been told by the charge of the court that they should weigh and consider all the evidence, and they were given such instruction in regard to that consideration as the court considered sufficient, and which was sufficient, and for that reason it was not error to refuse to give the additional instruction contained in the fourteenth request.

It is quite possible that if the fourth request of the defendant, which was charged, had stood alone, it would have been error to submit it to the jury, for it might have misled them in the consideration of the case. But we find that after the judge had charged that request in the words of the defendant's counsel, he explained it to the jury, so that it is clear that they could only have understood that ordinary care, skill and diligence in the management and use of the boiler, referred to testing it and to nothing else. With that explanation not only was the charge not erroneous, but it was absolutely correct.

The twelfth request of the defendant, which was that "when a servant voluntarily enters into or continues in the service of his employer, having knowledge of, or the means of knowing, the dan-

gers involved, he is deemed to have assumed the risks of the business, and to waive any claims for damages against the master in case of personal injury," was undoubtedly a correct statement of the law in that regard, and it is doubtful whether it was not correct to charge it without any explanation. But when it is taken in connection with the law as laid down to the jury previously in the fourth request of the plaintiff, it is apparent that the rule was properly laid down, and the jury could not have been misled.

This disposes of all the objections taken by the appellant to the charge, except that to the twentieth request. That request refers solely to the rule of damages, and as it is evident from the verdict for the defendant that the question of damages was not considered by the jury, it is not necessary for that question to be considered here.

Upon careful consideration of all the exceptions which are presented in the brief of the appellant, and a comparison of them with the charge as made, we are brought to the conclusion that no reversible error was committed, and the judgment must be affirmed.

BARRETT, PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.