sult, if the question should be submitted to the jury (and I think it must be), in their again finding the same verdict. As the jury are the final arbiters of the facts, the court must, after affording them reasonable opportunities to compare their own opinions of the facts with those held by the appellate court, finally accept the judgment of the jury. It may be, as was once remarked by a learned judge, that "the correctness of judicial opinions on mere questions of fact may well be distrusted when we find them confessedly opposed to the common sense of mankind." Ernst v. Railroad Co., 35 N. Y. 9, 41. See Kummer v. Railroad Co., 14 Misc. Rep. 507, 35 N. Y. Supp. 1066; Nichols v. Tuttle (Sup.) 12 N. Y. Supp. 394; Fowler v. Insurance Co., 7 Wend. 270; Betsinger v. Chapman, 24 Hun, 16; Talcot v. Insurance Co., 2 Johns. 467; Hamilton v. Railroad Co., 40 N. Y. Super. Ct. 376. I advise an affirmance. Judgment and order affirmed, with costs. All concur except MERWIN, J., dissenting.

DOTTLING et al., Respondents, v. HESS, Appellant. (City Court of New York, General Term. December 12, 1896.) Action by George Dottling and another against Nathan Hess. J. C. Rosenbaum, for appellant. Epstein Bros., for respondents.

PER CURIAM. The order appealed from is affirmed, with costs.

DRESCHER v. DRY DOCK, E. B. & B. R. CO. (Supreme Court, Appellate Division, First Department. November, 1896.) Action by Emil Drescher against the Dry Dock, East Broadway & Battery Railroad Company.

PER CURIAM. An appeal from the judgment in this case was argued in connection with the case of Gillespie v. Same Defendant, 42 N. Y. Supp. 245, and the same errors are relied upon in each case. The only difference is that in the Gillespie Case the person injured was a servant of the defendant, and questions were raised which grew out of the relation of master and servant. Those questions are not in this case, but in all other respects there is no difference between the two cases, and the conclusion we have reached in the Gillespie Case requires the affirmance of the judgment in this case also.

DREW, Respondent, v. WARD, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 16, 1896.) Action by David Drew against Truman L. Ward. No opinion. Judgment of the county court of Steuben county modified so as to modify the justice's judgment so that it shall award to the plaintiff $30 damages and costs of the action, with $10 costs and disbursements to the plaintiff in the county court; and the judgment of the county court, as so modified, is affirmed, without costs to either party in this court.

DUGAN, Respondent, v. HANLEY, Appellant. (City Court of New York, General Term. November 30, 1896.) Action by Cornelius L. Dugan against John P. Hanley. Charles De Hart Brower, for appellant. Hennessy, Creeden & Rowan, for respondent.

CONLAN, P. J. Appeal from a judgment entered on a verdict of a jury in favor of the plaintiff, and against the defendant, and from an order denying a motion for a new trial. The action was brought to recover on three checks, and for services rendered. No question of law arose on the trial, and the case went to the jury on the question of facts presented by the evidence. A careful reading of the appeal book satisfies us that the jury reached the proper conclusion, and that the verdict should stand. The judgment and order are therefore affirmed, with costs.

EDELMUTH, Appellant, v. SULZBERGER et al., Respondents. (Supreme Court, Appellate Division, First Department. January 15,. 1897.) Action by Adolph Edelmuth against Ferdinand Sulzberger and others. E. J. Myers, for appellant. R. W. Peckham, Jr., for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

EINSTEIN v. CLIMAX CYCLE CO. (Supreme Court, Appellate Division, First Department. January 15, 1897.) Action by George Einstein against the Climax Cycle Company. Eli M. Cohen, a junior attaching creditor, moved to vacate the prior attachment. For decision on said motion, see 41 N. Y. Supp. 837. Harold Nathan, for appellant. Stillman F. Kneeland, for respondent.

PER CURIAM. This is a motion made by a junior attaching creditor to set aside an attachment procured by the plaintiff. The ground upon which the attachment was vacated was the insufficiency of the affidavit upon which it was granted. That affidavit was made by the assignee of the claim sued upon, and he asserted the facts constituting the cause of action to be within his own knowledge, but did not disclose his means of knowledge, nor give any information as to how that alleged knowledge was obtained. The case, therefore, comes within the ruling made in Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, and the order should be affirmed, with costs.

FROMME et al., appellants, v. JARECKY, Respondent. (City Court of New York, General Term. December 12, 1896.) Action by Herman Fromme and another against Herman Jarecky. Fromme Bros., for appellants. J. C. De La Mere, for respondent.

PER CURIAM. The order appealed from affirmed, with costs.

E. S. HIGGINS CARPET CO. v. CHARLES URBAN MANUF'G CO. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by the E. S. Higgins Carpet Company against the Charles Urban Manufacturing Company. No opinion. Motion granted, with $10 costs.

FARMERS' LOAN & TRUST CO. v. MILBANK. (Supreme Court, Appellate Division, First Department. December 18, 1896.) Action by the Farmers' Loan & Trust Company against Samuel W. Milbank, as receiver. No opinion. Motion granted.