# Court of Appeals.

October, 1897.

## PEOPLE v. MARTIN V. STRAIT.

1. CRIMINAL LAW—REOPENING CASE.

When the prosecution, after defendant rests his defense based upon insanity, introduces evidence tending to show that he was intoxicated and that the acts and conditions, relie l upon by him as proof of insanity, should be attributed to intoxication, he may contradict the fact and theory of intoxication, and such evidence cannot be excluded on the ground that it is a reopening of this case.

2. SAME.

The attempt on the part of the defendant to disprove the evidence of the prosecution, given upon a subject which he was not required to anticipate, is not a reopening of the case.

3. SAME—ERROR.

A party is entitled to the benefit of any competent evidence he may offer which bears upon a controverted question of fact embraced in the issue, and, if the court excludes such evidence, its rejection must be regarded as substantial error for which the judgment must be reversed upon appeal, unless it can be plainly seen that the rejection could not legitimately have affected the result ; and, if properly excepted to, can be disregarded on appeal, only when it can be seen that it did no possible harm.

4. SAME.

Section 542 of the Criminal Code does not affect the well established principle that the rejection of competent and material eveidence, which is harmful to defendant and is excepted to, presents an error requiring a reversal. Such ruling affects a substantial right, even though the appellate court, with the rejected evidence before it, would still come to the conclusion reached by the jury.

Appeal from a judgment, convicting defendeant of murder in the first degree, and from an order denying a motion for a new trial.

Hosea H. Rockwell, appellant.

Charles H. Knipp, for the people.

MARTIN, J.—At a term of the court of oyer and terminer held in the county of Chemung in November, 1894, the defendant was

indicted for the crime of murder in the first degree. It was charged that on the 16th day of November, 1894, at the city of Elmira, in that county, he deliberately and with premeditation shot and killed his wife, Joan H. Strait. In the following May he was tried, and a verdict of guilty was rendered. From the judgment of conviction entered on that verdict he appealed to this court, where it was reversed, and a new trial granted. The reversal was upon the ground that the court erred in admitting improper evidence. The defendant was again tried at a term of the supreme court held in that county commencing December 7, 1896, and was again convicted of the same crime. When arraigned for sentence, his counsel moved for a new trial upon the minutes, under section 465 of the Code of Criminal Procedure, and the motion was denied. From the latter judgment and the order an appeal has been taken to this court.

That the defendant, at the time and place alleged, shot his wife, and that she died from the result of the wounds, thus inflicted, was proved, and not denied. Indeed, that the defendant killed her was conceded on the trial, and is conceded here. The only issue of fact presented in the case was that of defendant's sanity. His defense was that, when the homicide occurred, he was laboring under such a defect of reason as not to know the nature and quality of his act or that it was wrong. A great amount of evidence was introduced by each party, and witnesses, both lay and expert, were called, and testified upon that issue. The witnesses called by the defendant gave testimony tending to show that he was laboring under such a defect of reason as not to know the nature and quality of his acts, or that they were wrong. Upon the other hand, the testimony of the people's witnesses tended to show that he was sane, and responsible for his acts. With our views of this case we deem it unnecessary to consider the facts, or to do more than examine a few of these exceptions taken by the defendant. On the trial, after the people rested, and the case had been turned over to the defendant, and had he introduced his proof and rested his defense, the people proved that the defendant, to a greater or less extent, indulged in the use of intoxicating drinks, aad that upon the day of the homicide he had been drinking. The court then permitted the prosecution, under the objection and exception of

the defendant, to ask its expert witnesses whether all of the conditions of mental disturbance described in the hypothetical questions put to witnesses for the defendant might not be accounted for on the ground of intoxication, and they testified that they thought they might. The prosecution was also permitted to prove by its experts that the conditions mentioned, which were the result of intoxication, might exist and pass away when the intoxication was terminated, and the person be sane all the time. Without referring specially to the various instances contained in the record, it may be said generally that the learned district attorney made a continued and persistent effort during the entire trial of the issue to establish that the defendant drank intoxicated liquors habitually, and that he was intoxicated upon the day of the homicide. This effort was opposed by the defendant with equal persistence. The evidence, however, was admitted. The district attorney also sought to establish by the evidence of the experts called in behalf of the people that all the acts and conduct of the defendant which were relied upon by the defense as evidence of insanity might be accounted for on the ground of his intoxication. Witnesses called by the people were permitted to give testimony to that effect. After this evidence had been received, the people for a second time rested. The defendant then recalled Dr. Wagner, who was a qualified expert, and offered to prove by him whether alcohol, when taken internally, acted upon the brain, was a direct brain poison, or was regarded as a cause of insanity. To this proof the district attorney objected, upon the ground that it was reopening the case. The court sustained it, and the evidence was excluded. The defendant sought to prove that he did not use intoxicating liquors, or at least to the extent testified to by the witnesses for the people. This evidence was also objected to by the district attorney upon the same ground, and excluded by the court. To all of these rulings the defendant duly excepted. That the purpose of this evidence was to disprove the theory of the prosecution, that the acts and conditions relied upon by the defendant as evidence of insanity might be attributed to his intoxication, is manifest. It is equally manifest that the object of showing that he did not indulge in the use of intoxicating drinks or to the extent proved by the witnesses called by the prosecution, was also to contradict

and disprove that theory. It is extremely difficult to discover any ground upon which these rulings can be sustained. An examination of the record discloses that the issue of intoxication, so far as it was a basis of explaining the defendant's acts as consistent with sanity, was one presented by the people, and upon which they introduced a great amount of evidence, both as to the fact and by opinions of experts, while no such issue was, or could well have been, raised by the defendant, as it was totally inconsistent with the theory of his defense. After the people had been permitted to introduce this evidence, including the opinions of experts that all the conduct and conditions proved by the witnesses for the defendant might be attributed to intoxication, rather than to insanity, we do not think the evidence offered by the defendant can be regarded other than in rebuttal of that given by the people when seeking to establish the sanity of the defendant, and that the court erred in rejecting it upon the ground that it was reopening the case.

It is doubtless true, as suggested by the court, that the defendant had been combatting the theory of intoxication "all the way through." But that issue was not tendered by the people until the defendant had rested, and hence he had no proper opportunity to present his evidence upon that question. Up to that time he could combat the question only by the cross-examination of adverse witnesses. He was not bound to content himself with that, but had a legal right to disprove the claim of the prosecution by witnesses who had not been called to testify against him. Moreover, not until then could he have properly proved by his expert witnesses that the effect of intoxication would not have been as testified to by the experts for the people. When the people rested upon the issue of insanity was the first time that that class of evidence was admissible. The case had been in the hands of the people since that issue was in fact raised. The defendant not only attempted to disprove what the prosecution had proved as to his intoxication, but also to establish, by a witness who was qualified, that, if the facts were as claimed by the prosecution, it could not have produced the result testified to by its experts. That the evidence, if it had been admitted, would have had an important bearing upon the question in issue, there can be little doubt. As the defendant's sanity was the only issue that was seriously

litigated upon the trial, it cannot be said that the rejection of this evidence could not have legitimately affected the result. Upon that issue it was claimed and proved by the people that the acts and circumstances relied upon by the defendant as evidence of his irresponsibility for his acts, might well be accounted for upon the theory of his intoxication. If true, this evidence weighed heavily against the defendant. He sought to disprove it by showing—— First, that he was not intoxicated, or at least to the extent claimed by the people; and, second, that it could have had no such effect as claimed and testified to by the people's witnesses. But he was prevented from introducing that evidence upon the theory that it was reopening his case. We do not think that ruling can be upheld. It is manifest it was not a reopening of the case, but an attempt upon his part to disprove the evidence of the people given in answer to his proof upon the question of his insanity, and upon a subject which he was not required to anticipate until the evidence relating to it had been introduced by the learned district attorney. The counsel for the defendant then asked the same witness the following question : " Now, I ask you if the fact that, on the day of the commission of the homicide (I judge you have become familiar with the history of this case), the accused met certain acquaintances upon the street, and bowed to them, and recognized them, and even had conversation with them, during which those witnesses observed nothing peculiar in his appearance; that his appearance did not impress them as either natural or unnatural, or rational or irrational, no more than would the appearance of any other acquaintance,—whether the fact of itself would afford any evidence whatever as to the sanity or insanity of the accused on that day, assuming the conditions to remain as they were when you were formerly on the stand, and asked as to his condition ? " This question was objected to as reopening the case, the objection was sustained, and the the defendant excepted. What has already been said in regard to the exclusion of the other evidence which was objected to upon the same ground applies with equal force to this ruling. It is well settled in this state that a party is entitled to the benefit of any competent evidence he may offer which bears upon a controverted question of fact embraced in the issue, and, if the court excludes such evidence,

its rejection must be regarded as substantial error for which the judgment must be reversed upon appeal, unless it can be plainly seen that the rejection could not have legitimately affected the result; and, if properly excepted to, can be disregarded on appeal only when it can be seen that it did no possible harm. Hobart v. Hobart, 62 N. Y. 80; Foote v. Beecher, 78 N. Y. 155; Carroll v. Deimel, 95 N. Y. 252, 256; Holcomb v. Holcomb, id. 316.

The errors in rejecting this evidence can not be disregarded under section 542 of the Code of Criminal Procedure. That section provides that on appeal the court must give judgment without regard to technical errors, or to defects, or to exceptions which do not affect the substantial rights of the parties. The rulings in this case clearly are not within the principle of that provision. That the rejection of this evidence was a technical error, or that it did not affect a substantial right of the defendant, can not be held. That statute is but little more than a codification of the previously established rule that even in criminal cases a new trial will not be granted for an erroneous ruling, where the appellate tribunal can see that by no possibility could the error have worked harm to the defendant. Stokes v. People, 53 N. Y. 164. Neither that rule nor the statute affects the well-established principal that the rejection of competent and material evidence which is harmful to the defendant, and excepted to, presents an error requiring a reversal. Such a ruling affects a substantial right, even though the appellate court, with the rejected evidence before it, would still come to the same conclusion reached by the jury. The defendant has the right to insist that material and legal evidence offered by him shall be received and submitted to the jury, and have the opinion of the jury taken upon all the evidence which is proper and admissible in the case. People v. Wood, 126 N. Y. 249, 27 N. E. 362. We are of the opinion that these rulings cannot be sustained, and that the judgment must be reversed, and a new trial granted.

All concur. Judgment reversed.