### PEOPLE v. SHINBURNE.

(Supreme Court, Appellate Division, Third Department. March 2, 1898.)

CRIMINAL LAW—RECEPTION OF IMPROPER EVIDENCE.

> Where, on trial for burglary, it was important to show that one B. was one of the participants, and the evidence was inconclusive thereof, improper admission of evidence that B. had been convicted of the offense was not a technical error, within Code Cr. Prac. § 542, providing that on appeal the court shall give judgment without regard to technical errors not affecting substantial rights.

Appeal from Schoharie county court.

Maximilian Shinburne was convicted of burglary in the third degree, and appealed. Judgment reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM and MERWIN, JJ.

P. C. Dugan, for appellant.
Le Grand Van Tuyl, Dist. Atty., for respondent.

PER CURIAM. The defendant was indicted for burglary in the third degree. He was charged with feloniously breaking and entering the bank building and vault of the First National Bank of Middleburgh, in the village of Middleburgh, Schoharie county, on the night of the 16th day of April, 1895. On the trial before the county court of said county, the theory of the prosecution was that three men were connected with the burglary, the defendant, William H. Brown, and an unknown man. It was important for the prosecution to show that Brown was one of the three men who participated in committing the offense. Mrs. Carpenter, who occupied the house adjoining the bank, and saw the burglars at work through the window, identified, although not positively, one of them as Brown; and there was other evidence in the case tending to show his participation in the crime. Brown had been indicted for the same

burglary, and tried before the trial of defendant, and, on his plea of guilty, had been convicted. On the trial of this case in the court below, the people offered the indictment of Brown, and the record of his conviction thereon; and such evidence was received by the court over objection of the defendant, he excepting to such ruling. There was an indorsement on the indictment that the defendant pleaded guilty of burglary in the third degree, and the record stated that "William H. Brown having been convicted of burglary in the third degree, by his plea of guilty," etc.

We are of opinion that the court below erred in overruling the objections of defendant to said evidence. The people wished to prove that Brown was one of the men connected with the burglary in question. It does not require an argument to demonstrate that, as against the defendant, that fact could not be shown by the indictment, plea, or judgment of conviction against Brown. The defendant was not a party to the criminal action against him, and was not in any manner affected by the record or judgment therein. See remarks of Gray, J., in People v. Kief, 126 N. Y. 661, 663, 664, 27 N. E. 556. As held in the authority cited, the fact that Brown had been acquitted or convicted "could not legally prove anything for or against the defendant, for he was not a party to that record."

Nor do we understand that the learned district attorney claims that the evidence in question was properly received. But he urges that the error should be disregarded, under the provisions of section 542 of the Code of Criminal Procedure, on the ground that it was not prejudicial to the defendant, as, excluding such evidence, it clearly appeared from the other testimony produced by the people that Brown was one of the parties concerned in the burglary in question. People v. Dimick, 107 N. Y. 13–35, 14 N. E. 178; People v. Wayman, 128 N. Y. 585–588, 27 N. E. 1070. But it has been held that an error in receiving or rejecting evidence can only be disregarded where it could by no possibility have produced injury. Stokes v. People, 53 N. Y. 164; People v. Koerner, 154 N. Y. 355, 48 N. E. 730; People v. Strait, 154 N. Y. 165–171, 47 N. E. 1090.

In People v. Corey, 148 N. Y. 476, 42 N. E. 1066, it was held that:

"While even in criminal cases a new trial will not be granted by an appellate court on account of errors not affecting a substantial right of the defendant (Code Crim. Proc. § 542), the statute in no way impairs or affects the rule that the rejection of competent and material evidence, or the reception of incompetent and improper evidence, which is harmful to a defendant, and excepted to, presents an error requiring reversal, even if the appellate court would, with the rejected evidence before it, or with the improper evidence excluded, still come to the same conclusion reached by the jury."

Under the doctrine of the cases cited, after a careful review of the testimony, we are of opinion that we cannot properly hold that the error of the court below in receiving the evidence in question "could by no possibility have been harmful to the defendant." The people sought to show that William H. Brown was present and participated in the same burglary for which the defendant was indicted. While the jury could, from the testimony produced by the people, had the evidence of the indictment and record of conviction of William H. Brown been excluded, have found that he was

one of those engaged in the burglary in question, the evidence in that regard, with such indictment and record excluded, was not conclusive. It raised a question of fact on which a jury could properly have found against the defendant, but it cannot be said that the jury might not have found in his favor.

It was shown that Brown and another man were at Schoharie the evening before the burglary, apparently on their way to Middleburgh; that three men were engaged therein; that, after the commission of the offense, Brown, defendant, and another man fled from Middleburgh on a hand car; that Brown was arrested with a set of burglar's tools in his possession. The witness Carpenter testified that she looked through a window of the bank, and saw Brown therein engaged in the burglary, but at the close of her testimony she said: "I have no doubt but what he was Brown, and yet I have so much doubt that I am not now willing to say positively that it was him. I have some doubt about it; that is true; and I may be mistaken." The evidence thus referred to, while it would have justified a finding that Brown participated in the burglary, was not conclusive. It presented a question of fact for the jury, and hence, under the doctrines to which we have referred, we cannot say that the erroneous receipt by the court below of the evidence referred to may not possibly have injured the defendant.

For this reason, we reach the conclusion that the judgment should be reversed and a new trial granted.