(96 App. Div. 56.)

## PEOPLE v. MOORE.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. WITNESSES—ACCOMPLICE—CROSS-EXAMINATION—STATEMENTS TO ATTORNEY.
   Where defendant was convicted on the evidence of an accomplice, it was error for the court to refuse to permit such accomplice to be asked on cross-examination whether his attorney told him, if he admitted the offense and told what he knew about defendant, that he would be allowed to plead guilty to a lesser crime, though there was no showing that the witness' attorney had acquired permission from the district attorney to make the promise.

Appeal from Trial Term, Saratoga County.

Loring Moore was convicted of grand larceny in the first degree, and he appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John H. Gleason (Edward Hassett, of counsel), for appellant.
Horace E. McKnight, Dist. Atty., for respondent.

PARKER, P. J. The defendant was indicted for the crime of grand larceny, and brought to trial at a term of the Saratoga county court. He was convicted upon the evidence of an accomplice, and we are satisfied that such evidence was sufficiently corroborated to warrant a conviction under the provisions of section 399 of the Code of Criminal Procedure. The serious question presented, however, arises upon an exception taken by the defendant's attorney to the exclusion of certain evidence offered by him upon the trial, and which arose in the following manner: The accomplice, Panneton, being upon the stand as a witness, was asked the following questions by the defendant's attorney, to which the following answers and rulings were had, to wit:

"Q. Did you ever say to anybody that Moore was a party to this crime after the commission of the crime, or that Moore had anything to do with it, or that Moore planned this crime or had anything to do with it before its commission? Did you ever, at any time after the commission of this crime, tell anybody that Moore was a party to it or had anything to do with it? A. No. Q. And when is the first time you did say that? A. I don't know just when it is, but it is when I explained to my attorney the whole case. Q. Ever tell the district attorney that? A. Never had no conversation with the district attorney. Q. Did your attorney tell you if you did admit this, and told what you knew about Moore, if anything, that you would be allowed to plead guilty to a lesser crime? (Objected to as calling for a confidential communication between attorney and client.) The Court: Do you propose to connect any statements from Mr. Meigher with the district attorney? Mr. Andrus: We want to show it. The Court: Do you intend to do it in good faith? Mr. Andrus: That is my intention. The Court: Have you any witnesses to testify to that? Mr. Andrus: None whatever. The Court: I will exclude it then. (Exception.)"

The inquiry as to whether the witness was told by his attorney that if he admitted his guilt, and told what he knew about Moore, he would be allowed to plead guilty to a lesser crime, was not obnoxious to the objection that it was a confidential communication between attorney and client, nor does the court seem to have excluded it upon that ground. It was evidently excluded upon the theory that, because his attorney had not acquired permission from the district attorney to make such a promise, it was not a statement which should be allowed to affect the witness' credibility. In this we think the learned court erred. Even though the attorney had no instructions from the public authorities to make such a promise, it is clear that, if made, it may have induced the witness to testify against the defendant, Moore. It cannot be presumed that he gave no credit to his attorney's promise; on the contrary, the presumption is that he would believe what his attorney promised and assumed to know about, and hence that he was testifying under the expectation of gain to himself. And such an expectation very clearly would affect his credibility. Evidence tending to show a personal interest in the witness to testify against the prisoner is clearly competent evidence, and should not be excluded. People v. Christy, 65 Hun, 349, 352, 20 N. Y. Supp. 278; Allen v. State, 10 Ohio St. 287. How far this personal interest in the witness would have affected his credibility with the jury we cannot say. The evidence was competent and material, and affected a substantial right. It

was error, therefore, which we cannot disregard. People v. Strait, 154 N. Y. 165, 171, 47 N. E. 1090.

The judgment must be reversed, and a new trial ordered.

Conviction, order, and judgment of the County Court of Saratoga county reversed and a new trial ordered, and the clerk directed to enter judgment and remit certified copy thereof with the return and decision of this court to such County Court, pursuant to sections 547, 548, of the Code of Criminal Procedure. All concur.