Cooke, J. (dissenting).
I dissent, albeit reluctantly, and vote to reverse on the ground that the defendant was deprived of his Sixth Amendment right to confront two of the witnesses who testified against him.
At the outset, it must be recognized that the test proposed by the majority to determine when cross-examination of a prosecution witness as to identity, address or occupation may be abridged is not well suited to its subject. Such test has at its foundation, and as one of its parts, a factor that will, in every case of this sort, tip the scales in the prosecution’s favor. The factor to which I refer is the requirement that the testimony sought be material or relevant to the question of guilt or innocence. This it will never directly be.
As the majority explains, the formulation suggested here is to assist the trial court in determining whether questions as to identity, address and occupation will be permitted once there is a showing that a cognizably valid interest of the State or the witness is involved. The United States Supreme Court in Alford v United States (282 US 687, 691-692) explained that the permissible purposes of such questions on cross-examination are, among others, "that the witness may be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood * * * that the jury may interpret his testimony in the light reflected upon it by knowledge of his environment * * * and that facts may be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased” (citations omitted).
As stated in Alford (p 692) and recognized by the majority here: "It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them. Tla-Koo-Yel-Lee v. United States [167 US 274], supra; King v. United States [112 F 988], supra; People v. Moore, 96 App. Div. 56, affirmed without *87 opinion, 181 N.Y. 524; cf. People v. Becker, 210 N. Y. 274. To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny a substantial right and withdraw one of the safeguards essential to a fair trial. Nailor v. Williams, 8 Wall. 107, 109; see People v. Stevenson, 103 Cal. App. 82; cf. Brasfield v. United States, 272 U.S. 448.”
In the usual case, the prosecution’s witnesses will be called to testify as to matters bearing directly upon the guilt or innocence of the defendant. On cross-examination, questions directed to that testimony, unless objected to and sustained on other grounds, will be permitted. A different aspect of cross-examination, not directly relevant to guilt or innocence is embarked upon when questions are asked as to identity, address and occupation for, as noted, these go to the witness’ credibility and reputation for veracity.
. Accepting the suggested shift in burden when the question of a witness’ safety is involved, the factors to be weighed, as enumerated, but exclusive of the relevance of the testimony to the question of guilt or innocence, are all pertinent. Considering those factors, it just cannot be said in the instant case that the interest of the witnesses in assuring their personal safety outweighed the defendant’s interest in cross-examination.
The crime of which defendant here stood accused was perjury. Upon a trial for such charge, the credibility of the prosecution witnesses is crucial. The quantum of proof, aside from the testimony of the Carrerases, going to the question of guilt was, as recognized by the majority, slight. It cannot be said that the right to cross-examine these witnesses as to their life prior to relocation was sufficient. Nor would updated arrest records in their former names be meaningful as was recognized by the District Attorney who requested the United States Marshal’s investigation of possible arrests under the witnesses’ new names. No indication of whether that investigation was carried out is to be found in the record.
While a balancing of factors is called for, the focus of the test cannot be the same here as it is in the instance where the court must decide whether an informer be produced or his or her identity be disclosed. Direct relevance to guilt or innocence there is a fundamental and crucial consideration (People v Gogins, 34 NY2d 163, 170). Here it need not be.
While other courts have successfully weighed and consid *88 ered the relevant factors and, in appropriate cases, limited cross-examination in such matters (see, e.g., United States v Baker, 419 F2d 83, 87, cert den 397 US 971; United States v Bennett, 409 F2d 888, 901), I can agree with neither the test applied nor the result reached in the instant case.
Accordingly, the order of the Appellate Division should be reversed and the case remanded for a new trial.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Gabrielli; Judge Cooke dissents and votes to reverse in a separate opinion.
Order affirmed.