JOHN M. CARROLL et al., Executors, etc., Respondents, *v.* HENRY A. DEIMEL et al., Appellants.

The fact that in an action to foreclose a mortgage the sale of the mortgaged premises may result in a deficiency, for which a money judgment may be docketed against the defendant liable for such deficiency, does not entitle him as matter of right to a jury trial; the action is in equity and is triable by the court.

Where in such case the court directs any matter of fact to be tried by a jury as authorized by the Code of Civil Procedure (§§ 823, 971, 1003), and where after such trial the court disregards the verdict and makes its own findings, the case is to be reviewed on appeal, on the findings and decisions of the court, as if there had been no submission of any fact to the jury.

Where, therefore, in such case, upon the trial before the jury on which trial the same judge who made the findings presided, improper evidence was received under proper objection and exception, the appellant is entitled to the benefit of the exception.

In such an action the defense alleged and gave evidence tending to show a payment of $1,000 to C., plaintiffs' testator.  Plaintiffs thereupon called the teller of the bank where C. kept his account, and were allowed to show by him the deposits made by C., for a period including the time when such payment was alleged to have been made, for the purpose of showing that no deposit of $1,000 was made by him at or about the time of the alleged payment.  *Held*, that the testimony was incompetent; that its reception might have affected the result, and so required a reversal.

(Argued February 5, 1884; decided March 11, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order

made November 23, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court, as upon a trial without a jury.

This action was brought to foreclose two mortgages executed by defendant Vrooman, held by D. L. Carroll, plaintiff's testator at the time of his heath. The answer of defendant Deimel and wife, who alone appeared and defended, alleged a payment by Deimel to Carroll of $1,000 on April 1, 1876.

The facts pertinent to the questions discussed appear in the opinion.

*R. B. Fish* for appellants. As there was no equitable issue to be tried, defendants were entitled to a jury trial as a matter of strict right. (*Merritt* v. *Bartholick*, 36 N. Y. 44; 47 Barb. 253; *Hunt* v. *Chapman*, 51 N. Y. 555; *Bathgate* v. *Haskin*, 63 id.; 265 Code, § 968.) When both legal and equitable relief is prayed for, the cause should go to the Circuit for trial by jury. (*N. Y. Ice Co.* v. *N. W. Ins. Co.*, 31 Barb. 72; 20 How. 424; *Bradley* v. *Aldrich*, 40 N. Y. 510; *Brady* v. *Cochran*, 23 Hun, 274; *Sternberger* v. *McGovern*, 56 N. Y. 21; *Chapman* v. *Robertson*, 6 Paige, 627; *Holden* v. *Gilbert*, 7 id. 211; *Hunt* v. *Chapman*, 51 N. Y. 555; *People* v. *A. & S. R. R. Co.*, 57 id. 174, 176; *Wheelock* v. *Lee*, 74 id. 496, 500; *Page* v. *Cameron*, 11 W'kly Dig. 478.) A jury trial was the proper mode of determining the issue in this action, and the court should have ordered it in the exercise of a sound discretion, and that same discretion would forbid a capricious interference with the verdict. (*Reichardt* v. *Sheahan*, 12 N. Y. W'kly Dig. 304.)

*Samuel Hand* for respondents. This was an equitable action, triable by the court, and it was in fact tried by the court. The submission to the jury of the question as to one of the issues involved in the case was not the trial, but a proceeding in the trial, simply to inform the conscience and judgment of the court before which the trial was had. (*Clark* v. *Brooks*, 2 Abb. [N. S.] 385, 406; *Vermilyea* v. *Palmer*, 52

N. Y. 471, 475; *Wallace* v. *Am. Linen Thread Co.* 16 Hun, 404, 406; *Lansing* v. *Russell*, 2 Coms. 563, 564, 565; *Thurber* v. *Chambers*, 4 Hun, 721, 727; *Hatch* v. *Peugnet*, 64 Barb. 189, 194, 195; *Chapin* v. *Thompson*, 58 How. Pr. 46, 48, 49; *Brown* v. *Clifford*, 7 Lans. 46, 52, 53; *Binkley* v. *Binkley*, 2 T. & C. 501, 503; 56 N. Y. 192; *Winchelsea* v. *Wanchope*, 3 Russ. Ch. 441, 433, 446, 458; *Silsby* v. *Foote*, 20 How. [U. S.] 378, 380, 385; 1 Barb. Ch. Pr. 456; Greeley on Evidence in Equity, 527, 528; *Chapin* v. *Thompson*, 18 Hun, 446, 448; *Wallace* v. *Linen Thread Co.*, 16 id. 404, 406; *Colie* v. *Tifft*, 47 N. Y. 119; *Birdsall* v. *Patterson*, 51 id. 50; New Code, § 1301.) The case must, therefore, be treated in this court precisely as if it were an appeal from a judgment of the General Term affirming a judgment of the Special Term in an equity case by a judge without a jury. (Code, §§ 1337, 1338; *Stillwell* v. *Ins. Co.* 72 N. Y. 385; *Bassett* v. *Wheeler*, 84 id. 466; *Potter* v. *Carpenter*, 71 id. 74.) It was not erroneous to admit evidence that the defendant did not deposit $1,000 in the Manufacturer's Bank about the 1st of April, 1876. (*Nichols* v. *Van Valkenbergh*, 15 Hun, 230, 234; *Burlew* v. *Hubbell*, 1 T. & C. 235; *Thorn* v. *Helmer*, 4 Abb. Ct. of App. Dec. 408; *Moore* v. *Meacham*, 10 N. Y. 207, 211; Code, § 1003; *Post* v. *Mason*, 91 N. Y. 539, 549; *Marvin* v. *Marvin*, Ct. of App. cited; *Rollwagen* v. *Rollwagen*, 3 Hun, 143 n.)

RAPALLO, J. This is an action for the foreclosure of two mortgages on real estate, and was triable by the court. The defendant was not entitled as matter of right to a trial by jury. Although a sale of the mortgaged premises might result in a deficiency for which a money judgment could be docketed against the defendant liable for such deficiency, such a judgment was not the sole object of the action, but was an incident of the equitable relief sought. It might not even become necessary, as the mortgaged premises might bring a sufficient sum to pay the mortgage debt, and the circumstance, that in the contingency of the premises proving insufficient, a judgment

for the deficiency might result, did not entitle the defendant to a jury trial.

The case was one therefore in which the court was authorized to direct any matter of fact in issue, to be tried by jury. Such a direction is a substitute for the former practice of awarding a feigned issue in an action in equity. The direction may be given on the application of either party, or by the court, of its own motion. (Code of Civ. Pro., §§ 823, 971, 1003.) The effect of the verdict and the proceedings thereon are the same as in the case of a feigned issue under the old practice. (See Code of Pro., §§ 72, 254; *Clark* v. *Brooks*, 2 Abb. Pr. [N. S.] 385, 406; *Vermilyea* v. *Palmer*, 52 N. Y. 471.) The court may adopt the verdict and find accordingly or, may disregard it and make its own findings, and when the case comes up on appeal it is to be reviewed on the findings and decisions of the court as if there had been no submission of any fact to the jury. (*Colie* v. *Tifft*, 47 N. Y. 119; *Birdsall* v. *Patterson*, 51 id. 43–50.) We find no error, therefore, in the mode of procedure at the trial.

The judge submitted to the jury the question: " Did the defendant on or about the 1st day of April, 1876, pay to Dr. Carroll $1,000 in cash to apply on the bonds and mortgages in suit?" to which question the jury answered, "Yes."

The judge, having presided at the trial and heard all the testimony, and being dissatisfied with the verdict, on motion of the plaintiff's counsel, vacated it, and himself found the facts, contrary to the verdict, and filed his findings and conclusions of law, on which judgment was entered for the plaintiff.

The case now comes before us on appeal from this judgment. It is to be reviewed as if the trial had been by the court without the intervention of a jury. The exceptions taken at the trial to rulings upon evidence must consequently be examined on this appeal, and one of these exceptions is in our judgment well taken.

The defendant having introduced evidence for the purpose of proving the payment of $1,000 to Dr. Carroll on or about April 1, 1876, as claimed, the plaintiff called Frederick Vedder,

the teller of the bank where Dr. Carroll kept his account, and asked the witness whether Dr. Carroll about the 1st of April and within a month either way, deposited $1,000 in that bank. The question being objected to, as incompetent and improper, the court overruled the objection and the defendant's counsel excepted. Thereupon the court, without waiting for the answer, directed the witness to state what deposits Dr. Carroll made before and after. The witness then made a statement of the deposits from March 14th to May 1st, inclusive, among which no deposit of $1,000 appeared. This evidence, we think, was not competent, and had no legitimate tendency to disprove the fact that $1,000 had been paid to Dr. Carroll, at or about the time referred to. Whether or not it affected the finding of the court upon the question of fact, it is impossible for us to determine. The evidence to prove the alleged payment was by no means conclusive or clear, and the court may have found against the allegation on the ground that it had not been proved to its satisfaction. But at the same time it must be observed that the court deemed the evidence of absence of a deposit, of sufficient relevancy and importance to receive it under an exception, and to shape the appropriate question to call out the fact.

We cannot, therefore, say that the admission of this evidence did not affect the result, or prejudice the defendant, and as we think its admission was erroneous, we must reverse the judgment and order a new trial, costs to abide the event.

All concur.

Judgment reversed.