(109 App. Div. 351.)

HACKETT v. VIEW et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. APPEAL—REVIEW—FINDINGS IN EQUITY.

Where an equitable action submitted to a jury comes up on appeal, it is to be reviewed on the findings and decisions of court as if there had been no submission of any fact to the jury.

2. REFORMATION OF INSTRUMENTS—SUFFICIENCY OF EVIDENCE.

In an action for the reformation of a lease upon the ground of mutual mistake, evidence reviewed, and *held* insufficient to support a finding that the provision in the lease complained of was the result of mutual mistake.

3. SAME—PARTIES.

In an action by a lessor to reform a lease with regard to a provision giving the lessee an option to purchase at a certain price, the lessee, who had assigned the lease, was properly joined with his assignee as a party defendant.

Appeal from Special Term, Oswego County.

Action by Mary E. Hackett against George H. View and another for the reformation of a lease. From a judgment for plaintiff, and an order denying a motion for new trial, and also from an order denying a motion to restrain further prosecution of the action, defendants appeal. Judgment and order denying motion for new trial reversed. Order denying motion to restrain further prosecution of the action affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

James T. Clark, for appellants.
D. P. Morehouse, for respondent.

NASH, J. The plaintiff leased her farm in Volney, Oswego county, to George H. View, by a lease in writing made and executed February 12, 1903, for the term of one year from April 1, 1903, with the privilege of renewal from year to year for four additional years, upon compliance of the lessee with the conditions of such renewal as stated in the lease. The lease further provided that the lessee, View, should have the privilege of buying said farm for $3,000 at the end of the first year, or any subsequent year, should the lease be renewed. View went into possession under the lease on the 11th day of July, 1903, and sold, assigned, and transferred lease and all his interest therein by an instrument in writing, which expressly included the option to purchase contained in said lease, to the defendant Emerick. Before the expiration of the first year of said lease Emerick offered to purchase the farm and pay the plaintiff therefor said sum of $3,000, which was refused. Emerick thereupon commenced an action against the plaintiff to compel the specific performance of said option in the county court of Oswego county, which action was put at issue by the answer of the defendant, but has not been tried and is still pending. After said action was commenced and at issue, this action for a reformation of said lease upon the ground of mutual mistake was brought.

After issue was joined in this action, questions of fact were order-ed to be tried by a jury, and upon the trial thereof the jury, in answer to questions submitted to them, found that an oral agree-ment for the leasing of said farm to said View was made by and be-tween the plaintiff and said View before the making of said written lease, in which it was agreed that if, at any time during the term of said lease or any renewal thereof, the plaintiff should conclude to sell the farm for $3,000, he (said View) might have the first right to purchase the same for that price, and that when the written lease was executed and delivered by the parties they both under-stood and believed that said writing expressed only the said oral agreement.   After the findings of the jury upon the questions of fact submitted to them, said findings were adopted and confirmed by the court, and upon those and additional facts found by the court, the court as a conclusion of law found:   That the plaintiff is entitled to judgment changing and reforming the said written lease and agreement, nunc pro tunc as of the time of the date thereof, by striking out therefrom the words, "The party of the second part shall have the privilege of buying said farm for $3,000 at the end of the first or any subsequent year, should this lease be renewed," and insert instead thereof the words, "If at any time during the term of this lease, or any renewal thereof, the said Mary E. Hackett shall conclude to sell said farm for the price of $3,000, the said View shall have the first right to purchase the same for that price."

The case here is to be reviewed as if the findings were all made by the court. The court may adopt the verdict of the jury and find accordingly, or may disregard it and make its own findings, and when the case comes up on appeal it is to be reviewed on the find-ings and decision of the court as if there had been no submission of any fact to the jury, Rapallo, J., in Carroll v. Deimel, 95 N. Y. 255.   But we do not find in the record any evidence to support a finding that the agreement in the lease, giving the lessee the option to purchase the farm for $3,000, was entered into by the mutual mistake of the parties.   There is no evidence upon which to find that there was a mutual mistake.   The jury by implication, it is assumed, have found the fact of a mutual mistake of the parties. The instrument could not be reformed upon any other theory than that the jury or the court have so found.   The finding is that there was an oral agreement made by the parties prior to the making of the written lease, and that both parties understood and believed that the writing expressed only the oral agreement.   The clear and satisfying evidence, which the rule requires in order to reform a writing upon the ground of mutual mistake, is not only absent; but the weight of evidence is strongly with the defendant that the instrument truly expressed the agreement of the parties. The evidence of Mr. Piper to the effect that he first took notes of the agreement stated to him by the parties, and reduced their agreement to writing, as it was then stated to him, and that the writing was not made to express an oral agreement previously entered into, is clear and convincing.   There was in fact no proof

of a prior oral agreement to lease the farm. The plaintiff testified that, after refusing to rent the farm on one or two occasions, she met View and said to him she would rent the farm for $300, but would let him know after she went to Fulton. Two days after she drove to his house and went in. Her testimony is:

"I went into the kitchen, and I didn't find Mr. View in when I went in there, but he soon came in after I went into the house. I says, 'Mr. View, I came to let you know I would rent you the farm,' in the kitchen. Then he asked me in the sitting room, and I went in. He says, 'Mrs. Hackett, providing you will take $3,000 for your farm, will you give me the first privilege of buying it?' I says,'Yes; I would just as soon sell it to you for $3,000 as any one else, if I was going to sell for $3,000.' That is all that was said. That was in the sitting room. Then he got ready and went to Fulton. I have stated all the conversation that occurred in the house in reference to this matter."

No terms of a lease were stated or agreed upon. The plaintiff had stated that she would rent the farm for $300; but the terms and conditions subsequently set out in the written lease were not mentioned or stated in the conversation previous to their going to Fulton to draw the lease. It was upon this testimony of the plaintiff that the jury answered in the affirmative the following question:

"Did Mary E. Hackett make an oral contract with said View in the month of February, 1903, for the leasing to him of said farm, together with 16 cows, for the term of one year, commencing April 1, 1903, with the privilege to him of renewal from year to year for four additional years, upon said View giving to her certain notice of his desire so to renew?"

The court found the additional facts set up in the answer, upon which the defendant prays for an affirmative judgment compelling the specific performance of the option to purchase contained in the lease—the assignment of the lease by View to the defendant, the offer of the defendant to purchase the farm and pay the consideration agreed upon therefor, and the refusal of the plaintiff to give to the defendant a deed of the farm under the option in said lease—and as conclusions of law:

"(3) That the defendant Emerick did all that he was legally bound to do to perform his part of the option of purchase in the lease, by the efforts of himself and his attorneys above set forth to tender to the plaintiff Hackett $3,000 at the time fixed in the lease for the exercise of said option, and that said Hackett, having refused and avoided said tender, is legally bound as if tender had been actually made to her of said sum at said time.

"(4) That the rent reserved in the lease was a good and valid consideration for any option of purchase therein contained.

"(5) That the defendant Emerick, as assignee, stood legally in the place of and succeeded to all the rights that defendant View had under said lease and agreement."

The court should have dismissed the plaintiff's complaint upon the merits, and directed judgment in favor of the defendant for the affirmative relief prayed for in the answer.

We are inclined to the opinion that the order denying defendant's motion for an order restraining the further prosecution of this order, and relieving the defendants herein from answering, was right, and should be affirmed. View, who was not a party to the action in the county court, was properly made a party defendant in this action, inasmuch as he would be indirectly affect-

ed by a judgment reforming the lease, which he had assigned. In the disposition we make of the case, the order has ceased to be of any importance. The judgment reforming the lease and the order denying a new trial should be reversed, with costs, and a new trial granted.

Judgment and order denying motion for a new trial reversed, and new trial ordered, with costs to the appellant to abide the event, upon questions of law and fact. Order denying motion to restrain the further prosecution of the action affirmed, without costs. All concur.