BOROWSKY et al. v. GALLIN.

(Supreme Court, Appellate Division, Second Department.   May 8, 1908.)

TRIAL—TRIAL BY COURT—SENDING ISSUES TO JURY.

Under Code Civ. Proc. § 971, providing that, where a party is not entitled, as of right, to a jury trial, the court may in its discretion direct questions of fact to be tried by a jury, the refusal of application to have the issues of fact sent to a jury is not error, though based to some extent on the condition of the jury calendar.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 881.]

Hooker and Woodward, JJ., dissenting.

Appeal from Kings County Court.

Action by Molly Borowsky and others against Pauline Gallin to foreclose a mortgage on real estate. From an order denying a motion to have the issues of fact sent to a jury for trial, defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William H. Chorosh, for appellant.

Frank F. Davis, for respondents.

GAYNOR, J. It was in the discretion of the court below whether it should direct that the issues of fact, or any of them, should be sent to a jury trial. Code Civ. Proc. § 971. It was influenced to some extent in denying the motion by the condition of the jury calendar (it is over two years in arrears) as the memorandum filed with its decision shows. This was not improper. Indeed, motions like this are sometimes made hereabouts to avoid the speedy trial afforded by the equity calendar. A verdict for the defendant would not bind the court; it has the responsibility of giving judgment in the end, and the rule is for the court to try such cases without having its conscience enlightened or aided by a verdict.

The order should be affirmed.

Order of the County Court of Kings county affirmed, with $10 costs and disbursements.

RICH and MILLER, JJ., concur

HOOKER, J. (dissenting). The action is for a foreclosure of a mortgage. The defense is that the mortgage was given without consideration and was obtained through fraud and under duress. The defendant made timely application to the court under the provisions

of section 971 of the Code of Civil Procedure for the settlement of questions to be tried by a jury. The motion was denied, "owing to the condition of the civil calendar" of the court in which the action was commenced.

Section 971 of the Code reads as follows:

"In an action, where a party is not entitled, as of right, to a trial by a jury, the court may, in its discretion, upon the application of either party, or without application, direct that one or more questions of fact, arising upon the issues, be tried by a jury, and may cause those questions to be distinctly and plainly stated for trial accordingly."

This is a substitute for the former practice of trying feigned issues in actions in equity. Carroll v. Deimel, 95 N. Y. 252. Both under the old practice in equity and under the Code it is contemplated that the court shall exercise its discretion whether or not to settle issues upon the basis of the nature of the action and of the defense and the circumstances disclosed by the issues, rather than upon the basis of the condition of the jury calendar of the court.

The order should be reversed, with costs, and the motion remitted to the County Court of Kings county for further proceedings in accordance herewith.

WOODWARD, J., concurs.