JAMAICA SAVINGS BANK, Appellant, *v.* M. S. INVESTING Co., INC., et al., Defendants, and WILLIAM E. KENNEDY et al., Respondents.

Argued March 3, 1937; decided April 30, 1937.

*Charles H. Street* for appellant. Respondents are not entitled to a jury trial as of right under section 429 of the Civil Practice Act. (*Reichert* v. *Stilwell*, 172 N. Y. 83; *Dudley* v. *Congregation of St. Francis*, 138 N. Y. 451; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Hochstein* v. *Schlanger*, 150 App. Div. 124; 208 N. Y. 513; *Klinke* v. *Samuels*, 264 N. Y. 144; *Robert* v. *Kidansky*, 111 App. Div. 475; 188 N. Y. 638; *Morrison* v. *Slater*, 128 App. Div. 467; *Weinstein* v. *Sinel*, 133 App. Div. 441; *Carroll* v. *Deimel*, 95 N. Y. 252; *Knickerbocker Life Ins. Co.* v. *Nelson*, 8 Hun, 21; *Manhattan Life Ins. Co.* v. *Hammerstein Opera Co.*, 184 App. Div. 440; *Borowsky* v. *Gallin*, 126 App. Div. 364; *Merry Realty Co.* v. *Martin*, 181 App. Div. 951.) A jury trial is not a matter of right in equity cases generally. (*McKenna* v. *Meehan*, 248 N. Y. 206; *Porter* v. *International Bridge Co.*, 79 App. Div. 358; 175 N. Y. 467; *Miller* v. *Edison Electric Illuminating Co.*, 184 N. Y. 17; *Bell* v. *Merrifield*, 109 N. Y. 202; *Shepard* v. *Manhattan R. Co.*, 131 N. Y. 215; *Imperial Shale Brick Co.* v. *Jewett*, 169 N. Y. 143; *Stono* v. *Weiller*, 128 N. Y. 655.)

*James Adikes, William E. Kennedy* and *John C. Donovan* for respondents. The respondents are entitled, as a matter of right, to a trial by jury. (*People* v. *Jansen*, 7 Johns. 332; *Sailly* v. *Elmore*, 2 Paige, 497; *Gahn* v. *Niemcowicz*, 11 Wend. 312; *Steck* v. *C. F. & I. Co.*, 142 N. Y. 236; *Snell* v. *Niagara Paper Mills*, 193 N. Y. 433; *Dunkley* v. *Van Buren*, 3 Johns. Ch. 330; *Equitable Life Ins. Society* v. *Stevens*, 63 N. Y. 341; *Wynehamer* v. *People*, 13 N. Y. 378; *Moot* v. *Moot*, 214 N. Y. 204; *Colon* v. *Lisk*, 13 App. Div. 195; 153 N. Y. 188; *Maas* v. *Swalbach*, 96 Misc. Rep. 559; *Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 391; *City of Syracuse* v. *Hogan*, 234 N. Y. 457; *Van Deventer* v. *Van Deventer*, 32 App. Div. 578; *Ehrle* v. *Sutton Place Apartments, Inc.*, 137 Misc. Rep. 122; *Phillips* v. *Gorham*, 17 N. Y. 270.)

CRANE, Ch. J. It has been quite generally held by eminent text writers that in a foreclosure action there was no right of trial by jury. (8 Carmody's New York Practice, § 769; 3 Jones on Mortgages [8th ed.], § 1840; 1 Fiero on Special Actions, p. 710; Thomas on Mortgages [3d ed.], § 819.)

Prior to the Revised Statutes, a mortgagee could pursue his remedy in chancery to foreclose the mortgage, but was confined in his remedy to the pledge. (*Dunkley v. Van Buren*, 3 Johns. Ch. 330.) The general rule was " that the mortgagee may exercise all his rights at the same time, and pursue his remedy in equity upon the mortgage, and his remedy at law upon the bond or covenant accompanying it, concurrently." (4 Kent's Commentaries [14th ed.], p. 183.) After foreclosure he could sue in an action at law for the deficiency. The New York Revised Statutes (1830) materially changed the established practice on this subject.

" The statute goes on and declares, that if the mortgaged premises should prove insufficient to satisfy the debt, the court of chancery has power to direct the payment, by the mortgagor, of the unsatisfied balance, and to enforce it by execution against the other property or the person of the debtor. (Sec. 152.) As the action of ejectment upon a mortgage is abolished (ib. 312, sec. 57), the jurisdiction at law over the debt, as well as over the pledge, would appear, by these provisions, to be essentially taken away and transferred to chancery." (4 Kent's Commentaries, p. 184, n. b.)

Prior to 1830 no deficiency judgment could be had on the foreclosure of a mortgage. The Revised Statutes of 1830 (2 R. S. [1st ed.] p. 191, § 152) provided that a deficiency judgment might be recovered in the foreclosure action. The Constitution provides, as had the earlier ones, that trial by jury in all cases in which it has been theretofore used shall remain inviolate forever (N. Y. Const. art. I, § 2.) Respondents contend that prior to 1830 they could have been sued only in an action at law,

and that they would have been entitled to a trial by jury. It follows, they argue, that they are guaranteed by the Constitution a right to a jury trial.

Section 429 of the Civil Practice Act provides: " Where a party is entitled by the constitution, or by express provision of law, to a trial by jury, of one or more issues of fact in an action not specified in section four hundred and twenty-five of this act, he may apply upon notice to the court for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly.  *  *  *."

An action to foreclose a mortgage is an action in equity. As incidental to the main relief sought, the court ever since 1830 may award judgment for the deficiency after sale. This relief is purely incidental, and a complaint asking such relief states only one cause of action. In *Reichert* v. *Stilwell* (172 N. Y. 83, 88) the court said: " An action to foreclose a mortgage is not an action to recover the mortgage debt from the mortgagor personally, but to collect it out of the land by enforcing the lien of the mortgage. There is only one cause of action alleged, even if the bond is set forth in the complaint and judgment for deficiency· is demanded as a part of the relief. No motion to separate could be successfully made under section 483 of the Code, upon the ground that a cause of action at law on the bond had been united with a cause of action in equity on the mortgage.  *  *  *  The Revised Statutes authorize the court in an action of foreclosure to render judgment against the person liable for the mortgage debt for any deficiency that may remain after selling the land and applying the proceeds.  *  *  * That, however, is not a distinct and independent cause of action, but is an incidental remedy, dependent wholly upon the statute and subsidiary to the main object of the action."

And in *Dudley* v. *Congregation of St. Francis* (138 N. Y. 451, 458) it was said: " In an action to foreclose a mortgage a judgment for deficiency is authorized, and may be

rendered as incidental to the principal relief demanded, but it cannot be rendered in an action where the plaintiff fails to establish the mortgage. The peculiar statutory provisions applicable to actions of foreclosure above referred to indicate that it was never intended to permit the joinder in the same complaint of two separate causes of action, one at law to recover a personal judgment on the bond for the debt, and the other in equity to procure a sale of the land covered by the mortgage, given to secure the same debt and the application of the proceeds thereon, and if not, then the complaint in this case does not contain but a single cause of action, and that in equity, for the foreclosure of the mortgage lien."

It has always been a recognized principle of equity that when a court of equity has obtained jurisdiction of a cause, it will retain control of the cause generally, and award complete relief even though the rights of the parties are legal and the remedy finally granted is one which a court of law would have been able to grant. (1 Pomeroy on Equity Jurisprudence, § 231; *Lynch* v. *Metropolitan Elec. Ry. Co.*, 129 N. Y. 274; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207.) Indeed, the refusal of the court of equity to grant a deficiency judgment as incidental relief in an action of foreclosure was said to be " an exception to the general rule, that where a court of equity obtains jurisdiction of an action it will retain it and administer full relief, both legal and equitable, so far as it pertains to the same transaction or the same subject-matter." (*Frank* v. *Davis*, 135 N. Y. 275, 278.) At any rate, the Legislature at an early date changed the law so as to bring this situation within the general rule. This change was effected prior to the date when courts of law and equity were merged. In this instance the Legislature " went further than the equitable rule, and authorized a personal judgment, not only against the mortgagor, as to whom equitable relief could be had, but also against any other person who was obligated for the payment of the same debt." (*Frank* v. *Davis, supra.*)

In an action in equity there is no right of trial by jury. Even where, as incidental to the main relief prayed for, the complainant asks money damages, a separate trial by jury is not within the purview of the constitutional guaranty. (*Lynch* v. *Metropolitan Elec. Ry. Co.*, 129 N. Y. 274; *Shepard* v. *Manhattan Ry. Co.*, 131 N. Y. 215; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 105 N. Y. 319.) In the first case cited (*Lynch* v. *Metropolitan Elec. Ry. Co.*, at p. 283) Judge GRAY said: " I think some confusion of thought concerning the constitutional guaranty of a trial by jury may arise in a misapprehension as to its proper application. That provision relates to the trial of issues of fact in civil and criminal proceedings in the courts; as it was held by the chancellor in the case of *Beekman* v. *Saratoga & Schenectady R. R. Co.* (3 Paige Ch. 45). Where the trial of a civil proceeding presents for determination a question of fact, the right of trial by jury is proper and can be invoked. But an action brought to restrain the commission of trespasses, which are continuous in their nature, is necessarily in equity, and the court interferes, to prevent multiplicity of suits, and grants equitable relief by way of an injunction. The question presented for determination in such an action is one of law, whether, upon the facts to be established upon the trial, the plaintiff is entitled to such relief. Upon the proofs, showing the nature of the trespasses, and the consequent injury to the complainant's property, the court decides the question of plaintiff's right to an injunction. It does not seem to me that it can be said that *any issue of fact as to damage remains. That was necessarily decided in the action, and all that remains is to fix its amount; and I do not think the constitutional provision was aimed at such a proceeding.* As defined by the chancellor in the case above referred to, it seems difficult to rationally give it an application to *what is simply an assessment of the damages.*"

When an action is brought to foreclose a mortgage, and no demand is made for a personal judgment for the

deficiency, neither party is entitled to a trial by jury. In such an action the scope of the court's inquiry is wide. The court must find whether the mortgage is a valid and subsisting one; questions of fraud, usury, duress, mistake, and so forth, may be presented for determination. The court must determine the amount of the mortgage, the amount paid thereon, and the amount still due and unpaid. The rights of paramount and subordinate lienors must be adjudicated and settled. Issues between plaintiff and defendant, or between plaintiffs, or defendants, too countless to enumerate might be raised. All of these issues, concededly, can be tried by the court in a foreclosure action where no personal judgment is demanded, because such issues were triable by the court from earliest times. The court can order the property to be sold. The officer who sells the property must report on the disposition of the proceeds. As was said in *Carmichael* v. *Adams* (91 Ind. 526, 527): " There could, in such a case as this — a suit upon a note and mortgage — be no decree without an ascertainment of the amount due on the note, and, therefore, the whole matter was necessarily for the decision of the court. In order to determine whether the plaintiff was entitled to the relief sought, it was absolutely necessary to ascertain that there was a debt secured by the mortgage, for, if there was no debt, there was nothing upon which the power of the court could be exercised. It was not possible to make a step of progress in the decree without settling the defendants' indebtedness."

Conceding that all this can be accomplished without the intervention of a jury, what issue of fact remains to be tried? Nothing remains except an arithmetical calculation. Certainly no right of trial by jury exists as to this step. The soundness of Judge GRAY's exposition of the law is apparent when applied to such a situation. The case of *Carroll* v. *Deimel* (95 N. Y. 252) correctly states the law. This was an action to foreclose a mortgage upon certain real estate. The defendants alleged a cash

payment of $1,000. The question was submitted to a jury, which rendered a verdict for defendant, but upon plaintiff's motion the verdict was set aside and the court found facts contrary to the verdict and ordered judgment for the plaintiff. The appellant claimed a jury trial as matter of right. The judgment was reversed by this court for error in the admission of evidence. However, the court said: " This is an action for the foreclosure of two mortgages on real estate, and was triable by the court. The defendant was not entitled as matter of right to a trial by jury. Although a sale of the mortgaged premises might result in a deficiency for which a money judgment could be docketed against the defendant liable for such deficiency, such a judgment was not the sole object of the action, but was an incident of the equitable relief sought. It might not even become necessary, as the mortgaged premises might bring a sufficient sum to pay the mortgage debt, and the circumstance, that in the contingency of the premises proving insufficient, a judgment for the deficiency might result, did not entitle the defendant to a jury trial." The court held that the case " is to be reviewed as if the trial had been by the court without the intervention of a jury."

Respondents seek to distinguish this case. They argue, " There is nothing in the opinion in *Carroll* v. *Diemel* or in the synopsis of the brief of the defendant therein, to show that the right to a trial by jury there claimed was the *constitutional* right." The constitutional question is not discussed by the court, but appellants' contention that they were entitled to a jury trial as a matter of strict right was weighed by the court. If respondent in this case is correct, then the *Carroll* case was not correctly decided.

In *Knickerbocker Life Ins. Co.* v. *Nelson* (8 Hun, 21) the action was brought to foreclose four mortgages. The mortgagor and guarantor were joined, and both pleaded usury. Ruea Nelson, the defendant, had executed an instrument under seal, wherein he covenanted to pay

upon demand any deficiency up to $20,000 that might arise on the sale or sales under foreclosure of said mortgages. He alleges that this instrument was obtained by fraud. The court held that the action was purely an equitable one, and that there was no right to trial by jury.

We find no case since the Revised Statutes of 1830 where a jury trial was had as matter of right in a foreclosure action.

The order of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs in all courts. The certified questions should be answered in the negative.

LOUGHRAN, J. (dissenting). In this action to foreclose a mortgage upon real property judgment for a deficiency is demanded against the respondents who guaranteed payment of the mortgage debt. They allege in their answer that the time for payment of the mortgage was extended and that its terms were otherwise varied without their consent. Whether they are entitled as of right to a trial by jury of the issues of fact so raised is the question upon which we differ.

" The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." (N. Y. Const. art. I, § 2.) These words have been part of the fundamental law of the State since the adoption of the Constitution of 1821.

Prior to 1830 a decree for a deficiency could not be had in foreclosure. In that day an issue of personal liability for a mortgage debt was independently triable at law, that is to say, by jury. (*Dunkley* v. *Van Buren*, 3 Johns. Ch. 330; *Jones* v. *Conde*, 6 Johns. Ch. 77.) " This was an exception to the general rule, that where a court of equity obtains jurisdiction of an action it will retain it and administer full relief, both legal and equitable, so far as it pertains to the same transaction or the same subject-matter." (*Frank* v. *Davis*, 135 N. Y. 275, 278.)

The law was changed in 1830 by the Revised Statutes. Since then only one action has been permitted at one time, except as the statute provides, for it forbids a suit in equity to foreclose the mortgage until the remedy at law, once resorted to, has been exhausted; and it forbids an action to recover the debt after foreclosure is begun, without leave of the court. (*Reichert* v. *Stilwell*, 172 N. Y. 83. So, Civ. Prac. Act, §§ 1077, 1078.) The Revised Statutes also authorized a personal judgment in a foreclosure suit, " not only against the mortgagor, as to whom equitable relief could be had, but also against any other person who was obligated for the payment of the same debt." (*Frank* v. *Davis*, *supra*, p. 278. So, Civ. Prac. Act, § 1083.) Nevertheless, the complaint in an action to foreclose a real property mortgage still states a single cause of action. Judgment for a deficiency is demanded, not as upon a separate count, but as " incidental " to the principal relief sought *in rem*. (*Dudley* v. *Congregation of St. Francis*, 138 N. Y. 451.) In this way, all the rights of the parties are submitted to the court in one action in equity.

It follows, so the court now holds, that since 1830 in this State no party in such an action has been entitled as of right to a jury trial of an issue of personal liability. *Carroll* v. *Deimel* (95 N. Y. 252) is said to commit us to that position and this seems to have been the view of learned commentators. It is my opinion that the court did not in that case attempt to go so far, common as the contrary impression may have been.

In *Carroll* v. *Deimel* the defendant mortgagor pleaded part payment. This court there said: " The defendant was not entitled as matter of right to a trial by jury. Although a sale of the mortgaged premises might result in a deficiency for which a money judgment could be docketed against the defendant liable for such a deficiency, such a judgment was not the sole object of the action, but was an incident of the equitable relief sought. It might

not even become necessary, as the mortgaged premises might bring a sufficient sum to pay the mortgage debt, and the circumstance, that in the contingency of the premises proving insufficient, a judgment for the deficiency might result, did not entitle the defendant to a jury trial " (pp. 254, 255). This was correct as an answer to the contention there made by the defendant mortgagor that section 968 of the former Code of Civil Procedure (now Civil Practice Act, section 425) gave to him a statutory right to have the issue of fact tried by a jury as in " an action in which the complaint demands judgment for a sum of money only." The complaint in the action did not demand such a judgment. For that reason it was held that the application for a jury trial made pursuant to the statute was properly refused. No question of constitutional right to a jury trial was there raised or considered.

These respondents demand a trial by jury as their constitutional right in accordance with Civil Practice Act, section 429. It is thereby provided: " Where a party is entitled by the constitution, or by express provision of law, to a trial by jury, of one or more issues of fact in an action not specified in section four hundred and twenty-five of this act, he may apply upon notice to the court for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly. Upon the hearing of the application, the court must cause the issues, to the trial of which by a jury the party is entitled, to be distinctly and plainly stated. The subsequent proceedings are the same as where questions arising upon the issues are stated for trial by a jury, in a case, where neither party can, as of right, require such a trial; except that the finding of the jury upon such questions so stated is conclusive in the action unless the verdict is set aside, or a new trial is granted."

As guarantors of this mortgage debt, the respondents can suffer liability only for a deficiency that may result

on the sale of the mortgaged premises. Prior to 1821, the trial by jury was used in an action against the guarantor of a mortgage debt to recover on his guaranty. The right to such a trial in that case was made fast by the foregoing constitutional mandate of that year. This mandate has never since been modified. The right thereby secured therefore remains inviolate, despite statutory changes meantime in the practice in foreclosure. (See *Steck* v. *Colorado Fuel & Iron Co.*, 142 N. Y. 236, 247.)

*Knickerbocker Life Ins. Co.* v. *Nelson* (8 Hun, 21) appears to be a decision to the contrary. If so, I think we are constrained to disapprove that case.

I vote to affirm the orders and to answer in the affirmative the questions certified.

HUBBS, FINCH and RIPPEY, JJ., concur with CRANE, Ch. J.; LOUGHRAN, J., dissents in opinion in which LEHMAN and O'BRIEN, JJ., concur.

Orders reversed, etc.