ANNA RAMOS et al., Plaintiffs, *v.* FANNIE PASCHER et al., Defendants.

City Court of the City of New York, Special Term, Bronx County, January 7, 1955.

*Tropp & Steinbock* for Fannie Pascher, defendant.

*Philip Myer* for plaintiffs.

BONEPARTH, J. Motion to strike this case from the jury calendar.

The plaintiffs' first note of issue, which failed to demand a jury, is claimed to be the result of a mistake. This note of issue was served by mail on December 2, 1954, and was never filed. Within five days after service of the note of issue on defendants' attorneys, plaintiffs' attorney wrote a letter correcting this mistake, and served a note of issue requesting a jury trial. The corrected note of issue was filed almost immediately thereafter, to wit, on December 8, 1954, as shown by our records. No prejudice has been shown.

Under these circumstances, the court has power to relieve a party from the result of such mistake or inadvertence. (Civ. Prac. Act, § 426, subd. 5; *Prehle* v. *Graeme*, 186 Misc. 376; *Schwartz* v. *Sunlight Apts.*, 274 App. Div. 901; *New York Investors* v. *Laurelton Homes*, 230 App. Div. 712; *Rafkind* v. *Isaacs*, 264 App. Div. 742.)

In support of the motion to strike the case from the jury calendar, defendants cite the case of *Renna* v. *Prudential Ins. Co. of Amer.* (18 N. Y. S. 2d 124) which seems to be no longer applicable to situations like the instant one.

It was decided in 1939, in accordance with section 426 of the Civil Practice Act and section 16-a of the New York City Court Act, as they then read.

At that time, there was " a conflict of authorities in the First and Second Judicial Departments with respect to (1) the power of the court to relieve a party from a waiver due to inadvertence or excusable error and (2) the effect of service of a note of issue without a demand for jury trial where such note is never filed and a second note of issue, together with the requisite demand, is served and filed thereafter.'' (Eleventh Annual Report of N. Y. Judicial Council, 1945, p. 252.) The second situation above referred to, is precisely the situation in the instant case.

That 1945 Report said further: " Cases decided in the First Judicial Department hold squarely that the party first serving a note of issue unaccompanied by a written notice demanding trial

by jury waives the right to a jury trial even though the note of issue has never been filed. The waiver once effected cannot be retracted nor can an error be corrected by subsequently serving the demand * * * In the Second Judicial Department, on the other hand, it is held that under the language of present subdivision 5 (referring to Civ. Prac. Act, § 426, as it then read, see Report, p. 255), two omissions are needed to effect a jury waiver: (1) The service of a note of issue unaccompanied by a demand for a jury trial; and (2) the filing of a note of issue without a demand.'' (Eleventh Annual Report of N. Y. Judicial Council 1945, pp. 254, 255; words in parentheses ours.) And among the cases, applying the rule in the First Judicial Department, is listed the case of *Renna* v. *Prudential Ins. Co. of Amer.* (18 N. Y. S. 2d 124, *supra*).

The Judicial Council Report (*supra*) continues at page 257, as follows: '' 4. *Resolving conflict of authorities relating to power of court to grant relief from waiver.* It is held in the Second Judicial Department that the court has discretionary power to relieve a party from a waiver of the right to trial by jury resulting from a failure to comply with the provisions of subdivision 5 of section 426.''

Accordingly, at pages 258 and 259 of that report, the council recommended an amendment to both section 426 of the Civil Practice Act and section 16-a of the New York City Court Act. These sections are each entitled '' *Trial by jury; how waived.*''

The result was the enactment of chapter 264 of the Laws of 1945, which amended subdivision 5 of section 426 of the Civil Practice Act and section 16-a of the New York City Court Act. The last sentences of those sections, as amended, now read: '' The court in its discretion may relieve a party from a failure to comply with the provisions of this subdivision if no undue delay or prejudice to the rights of another party would result.''

The effect of this amendment is pointed out in *Prehle* v. *Graeme* (186 Misc. 376, *supra*) at page 376.

Accordingly, there being no showing of undue delay or prejudice to the defendant, the plaintiffs may be relieved of their inadvertence or excusable error.

The motion to strike the case from the jury calendar is accordingly denied. Order signed.