Joseph A. Suozzi, J.
In this action plaintiff sues for specific performance of an agreement dated February 4, 1959 relating to six specific items of machinery, and for damages resulting from defendant Aaron Machinery Co., Inc.’s breach of contract. Basically this in an action for specific performance under section 149 of the Personal Property Law.
Plaintiff’s complaint alleges that he has “ no adequate remedy at law”. Defendant’s answer denies the allegations of plaintiff’s complaint and alleges as a defense “ that the plaintiff has an adequate remedy at law to recover the damages alleged to have been sustained by him ’ ’. At the beginning of the trial defendant moved for dismissal of the complaint on the grounds that plaintiff had an adequate remedy at law, and was not entitled to specific performance. Defendant claims that in the absence of a right to specific performance, this court, sitting as a court of equity, cannot retain this cause for the purpose of awarding the plaintiff damages, and should dismiss the complaint.
Testimony at the trial revealed that an agreement dated February 4, 1959 was made whereby the- defendant agreed to sell to the plaintiff “ One 1-S Westbury Miller, Two Clausing Mills, One Clausing Lathe, One Walker-Turner Band Saw No. 3220 and One Walker-Turner Drill-Press 15 ”, and said agreement provided:
“The price for said machines will be $2696. to include delivery to No. 20 Murray Street, Farmingdale, New York.
“ This agreement to be binding upon Aaron Machinery Co., Inc., in the event that negotiations between Aaron Machinery Co., Inc., and Norman R. Doherty, to form a new Corporation, are not consummated within one week from the date hereof.
‘ ‘ In the event said negotiations are not consummated within one week, then such sale and delivery shall be made within one week from written demand by Norman R. Doherty. Said sale to be on a conditional sales basis with monthly payments not to exceed $115. ’ ’; that this agreement was preceded by negotiations between the parties for a joint venture to manufacture and merchandise a fly cutter and metal boring tool invented by the plaintiff, with defendant advancing all moneys needed to finance the venture and to clear plaintiff’s existing business and personal obligations; that plaintiff’s financial position, which either was or bordered on “hopeless insolvency”, was fully exposed to and known by defendant; that the six items of machinery comprised the essential equipment of plaintiff’s machine shop; that defendant obtained possession of these items and acknowledged receipt *461 thereof on a letter from the defendant to plaintiff which stated: ‘ ‘ If negotiations to form a corporation, between Aaron Machinery Co., Inc. and Norman Doherty, do not materialize, Aaron Machinery Co., Inc. agrees to sell Norman Doherty, at their cost, the machines repossessed from Concentric Tool Co. on a Conditional Bill of Sale, if said machines are purchased by Aaron that the plaintiff was in default on payments due to defendant for the 1-S Westbury Miller, the balance of which was $1,100, and on payments due to the Morey Machinery Company; that defendant paid Morey Machinery Company $1,100 due from plaintiff to said company; that a new corporation for the joint venture was not formed; and that plaintiff made a written demand for the sale of the machinery upon defendant, which demand was not complied with.
The court, after hearing all the testimony, finds that there was an existing and valid agreement between the parties which was breached by defendant when it failed to comply with plaintiff’s demand. The terms and conditions of the agreement were sufficiently specific and understood by the parties. The financial condition of the plaintiff at the time of making the agreement was fully known by the defendant. Defendant’s contention that the insolvency of the plaintiff is a valid defense does not avail them. There was no proof that the plaintiff would not have been ready, willing and able to perform, and the defendant will not be excused upon its assumption that such was the case.
The purchase price agreed upon was the total of the balance due to the Aaron Machinery Company and the Morey Company, to wit, $2,200, plus interest and carrying charges. The provision for monthly payments not to exceed $115 was specific and clear enough for a conditional sales agreement to be entered into.
While it is true as contended by the defendant that the court should not retain the cause for the purpose of awarding damages where there is a failure of proof for equitable relief, the court’s finding that plaintiff’s complaint states a cause of action for equitable relief under section 149 of the Personal Property Law disposes of this contention. Accordingly, defendant’s motion to dismiss the plaintiff’s complaint on the ground that the plaintiff has an adequate remedy at law is denied.
The court in the case of Doyle’s Main Motors v. Davis (118 N. Y. S. 2d 867, 871) stated as follows: “It has always been a recognized principle of equity that, when a court of equity has obtained jurisdiction of a cause, it will retain control of the cause generally, and award complete relief even though the rights of the parties are legál and the remedy finally granted is one which a court of law would have been able to grant.” *462 (Jamaica Sav. Bank v. M. S. Investing Co., 274 N. Y. 215, 220; Ferguson v. Village of Hamburg, 272 N. Y. 234.)
The court finds that the items of machinery involved in the agreement were “ specific or ascertained goods ” in the contemplation of section 149 of the Personal Property Law. Although five of the items were available on the used market, the 1-S Westbury Miller was not, and could only be obtained as a new machine, with a possible delay of .some two to three months. These items of machinery comprised practically in toto plaintiff’s machine shop, and were essential for the manufacture of his new invention and the performance of other work. All of the facts and circumstances, including plaintiff’s financial situation, taken together lead the court to the conclusion that the 1 ‘ specific or ascertained ’ ’ items of machinery were sufficiently unique to the plaintiff and that justice would be promoted by allowing specific performance.
The evidence disclosed that the items of machinery had the following values: a new 1-S Westbury Miller similar to the specific one involved, $2,600; two used clausing mills, $1,300; a used clausing lathe, $550; a used Walker-Turner band saw, $350; and a used Walker-Turner drill press, $125. Plaintiff also proved damages to the extent of $357.60 for loss of profits on orders that he was not able to manufacture at his own shop.
Accordingly, judgment is awarded to the plaintiff as follows: Defendant shall specifically perform its agreement to sell plaintiff the machinery as provided for in the agreement of February 4,1959, and shall pay plaintiff damages in the amount of $357.60. Since the record is not clear as to whether or not the defendant still has possession of the machinery and can or cannot perform, in the alternative plaintiff is awarded damages in the amount of $2,586.60, which is the total value of the items hereinabove set forth, and the damages of $357.60, less the agreed purchase price of $2,696. Plaintiff .shall have costs and disbursments.
The complaint against the defendant James Policastro was dismissed during the trial.