■ NORMAN R. DOHERTY, Respondent, v. AARON MACHINERY CO., INC., Appellant, et al., Defendant.— In an action for the specific performance of an agreement for the sale to plaintiff of certain items of machinery, the defendant corporation appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered May 18, 1961 upon the opinion and decision of the court after a nonjury trial, as: (a) directed said defendant to specifically perform said agreement; (b) awarded $357.60 as incidental damages to plaintiff; and (c) awarded alternative money damages to plaintiff of $2,586 in the event that the defendant corporation " cannot specifically perform said agreement ". Judgment modified on the law and the facts (a) by striking out its first and second decretal paragraphs granting specific performance and other relief in plaintiff's favor; and (b) by substituting therefor a provision directing that plaintiff shall recover from said defendant corporation the sum of $2,586, plus $110.90 costs and disbursements as taxed, and have execution therefor. As so modified, judgment, insofar as appealed from, affirmed, without costs. Findings of fact which may be inconsistent herewith are hereby reversed, and new findings are made as indicated herein. In our opinion, plaintiff was not entitled to specific performance. It appears that the machines were available to plaintiff and purchasable in the market, and that plaintiff could be

adequately compensated by an award of money damages. The trial court, having obtained jurisdiction of the action, could grant complete relief even though the remedy was one at law (*Jamaica Sav. Bank* v. *M. & S. Investing Co.,* 274 N. Y. 215, 220; *Marwede* v. *Commercial Hotel,* 273 App. Div. 984). The record supports the amount of money damages as alternatively fixed by the trial court. In any event, as the corporate defendant rested at the close of plaintiff's case without challenging the proof of damages, it may not now be heard to question the competency or sufficiency of such proof. Since this was a nonjury case, we are authorized to grant the final judgment "which the court below ought to have granted" (Civ. Prac. Act, § 584, subd. 2). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur. [33 Misc 2d 459.]