John T. Casey, J.
The plaintiffs move to delete the demand for a jury trial from their note of issue, filed and served on or about August 24, 1970, contending that the demand was a mere inadvertence. The defendants object to granting such relief contending that the plaintiffs having elected trial by jury in their note of issue are bound by the election and their proposed waiver of such right cannot withdraw such demand without the consent of the other parties. (CPLB 4102, subd. M.)
It has been held that where a demand for a jury trial is included in the first note of issue filed, there is no occasion or necessity for the other party to demand a jury, and the party first demanding may not withdraw his demand for a jury without the consent of the other parties. The last clause is meant to protect the party who, in reliance on his opponent’s demand for a jury, properly fails to make demand in his own note of issue. (Downing v. Downing, 32 A D 2d 350.) In that case by a 3-2 decision, however, the court refused to grant a defendant (who had first filed a note of issue containing no demand for a jury trial) the right to insist upon a jury trial where the plaintiff had also filed a note of issue demanding a jury trial but subsequently waived it and the Appellate Division therein held that a nonjury trial was proper. (Downing v. Downing, supra.)
The reliance of the objecting defendants herein on the propositions of law determined in Downing v. Downing (supra) is misplaced. That authority and other authorities (Schnur v. Gajewski, 207 Misc. 637) which have considered waiver of a jury trial under subdivision (c) of CPLB 4102, are limited to those cases where a trial by jury is a matter of right to either or both parties. (CPLB 4102, subd. [a].) Indeed, this statute expressly provides that “ any party may demand a trial by jury of any issue of fact triable of right by a jury ” (emphasis supplied). If the complaint herein alleged a cause of action triable by a jury as a matter of right and the defendants filed no demand in reliance on the plaintiffs’ demand for a jury contained in the plaintiffs’ note of issue, there would be no doubt that the plaintiffs would not be permitted to waive a jury without the consent of the defendants according to the statute (CPLB 4102, subd. [c]) and the authorities above cited.
The action here, however, is for foreclosure of a mortgage. *430 It is, therefore, entirely an equitable action and neither party is entitled to a trial by jury as of right even if (as the defendants here contend) issues of fraud, usury, duress or mistake are to be passed upon. (Jamaica Sav. Bank v. M. S. Investing Co., 274 N. Y. 215, 222.) Furthermore, the result is the same even if a judgment for deficiency might result as merely incidental to the equitable relief sought. (Lynch v. Metropolitan El. Ry. Co., 129 N. Y. 274; Carroll v. Deimel, 95 N. Y. 252, 255.)
The plaintiffs’ demand in their note of issue cannot confer a right to trial by jury of causes of action to which there is no right to trial by jury. (Menado Corp. v. Indemnity Ins. Co., of North Amer., 53 Misc 2d 533.) Since the defendants, therefore, have no right to a trial by jury because of the nature of the action alleged in the complaint (Ketcham v. Wilbur, 218 App. Div. 350, affd. 244 N. Y. 609), they cannot obtain such right because of an inadvertence on the part of the plaintiffs in demanding a jury trial in an improper action (which is now sought to be corrected) .by refusing to consent to the correction of such demand.
In the exercise of discretion this court has the power to relieve a party from the effect of failing to comply with CPLR 4102 if no undue prejudice to the rights of another party would result. (CPLR 4102, subd. [e]; Ramos v. Pascher, 206 Misc. 1108.) No prejudice has been shown. Nothing contained herein shall be deemed to affect the provisions of CPLR 4103 should any of the situations outlined therein occur or to a motion by either party, for an advisory jury under CPLR 4212. (Menado Corp. v. Indemnity Ins. Co. of North Amer., 53 Misc 2d 533, supra.)
Plaintiffs’ motion is granted.