OPINION OF THE COURT
Gerard M. Weisberg, J.
Plaintiff has commenced this action to foreclose a mortgage on real property predicated upon defendant’s default in making mortgage payments.
Defendant’s amended verified answer contains various admissions and denials, one affirmative defense and three counterclaims. Defendant filed a demand for a jury trial and the issue now before the court is whether defendant has a right to trial by jury of the affirmative defense and three counterclaims pleaded. The plaintiff opposes such a right and requests that the entire matter be tried by the court.
The affirmative defense alleges in substance that subsequent to the execution and delivery of the original written mortgage, the parties entered into an oral agreement modifying its terms, and providing for a suspension of payments in consideration of defendant’s making repairs to the premises and in consideration of defendant’s forbearing action to reconvey the premises because of latent defects in the property. Plaintiff denies the making of such an oral agreement and raises various legal impediments to recognition of such an oral modification.
Defendant’s counterclaims seek money damages. The first counterclaim seeks $675 plus interest for the cost of materials expended by defendant in making repairs to the property which, it is alleged, were agreed to be borne by plaintiff pursuant to the oral modification. The second counterclaim seeks damages of $1,500 plus interest for rents which it is alleged were wrongfully collected by the plaintiff or his daughter, and the third counterclaim seeks damages of $50,000 for wrongfully commencing this foreclosure action, for wrongfully collecting rents due defendant, for appointment of a receiver who did not properly qualify and for allowing the premises to deteriorate.
An action to foreclose a mortgage is an action in equity. As indicated in Jones on Mortgages ([8th ed], vol 3, § 1840, p 318): "One result of the equitable character of the statutory processes for enforcing mortgages is, that the parties have no right as a matter of course to have the issues tried by a jury”. *225 This is in accord with the authorities in New York. (Carroll v Deimel, 95 NY 252; Jamaica Sav. Bank v M. S. Investing Co., 274 NY 215; Schrank v Rensselaer Assoc., 65 Misc 2d 428.)
Nevertheless, where a party asserts in an equity action, a strictly legal ground for relief upon which a right to trial by jury existed at common law prior to the merger of law and equity, the right to jury trial is not lost unless it has been waived. (CPLR 4101; Di Menna v Cooper & Evans Co., 220 NY 391.)
The affirmative defense pleaded by the defendant is not however a strictly legal defense, but rather falls within the traditional purview and jurisdiction of an equity court. Essentially, defendant alleges that he is not in default by virtue of a modification of the mortgage terms. The question of whether a party is in default goes to the heart of virtually any foreclosure action. The fact that this issue might turn on the existence of some collateral or superseding agreement which is alleged to be a "legal contract”, does not convert the defense from an equitable one to a legal one. As Chief Judge Crane stated in Jamaica Sav. Bank v M. S. Investing Co. (supra, at pp 221-222): "When an action is brought to foreclose a mortgage * * * neither party is entitled to a trial by jury. In such an action the scope of the court’s inquiry is wide. The court must find whether the mortgage is a valid and subsisting one; questions of fraud, usury, duress, mistake, and so forth, may be presented for determination * * * Issues between plaintiff and defendant, or between plaintiffs, or defendants, too countless to enumerate might be raised. All of these issues, concededly, can be tried by the court in a foreclosure action * * * because such issues were triable by the court from earliest times.”
In the present case, the affirmative defense falls into the range of issues triable by the court. Accordingly, defendant has no right to a trial by jury of its affirmative defense.
The situation is different in regard to the counterclaims, which seek money damages for breach of an alleged oral contract, and for various wrongful or tortious acts of the plaintiff. No strictly equitable relief is demanded and the causes of action pleaded would likely have entitled the defendant to a jury trial if separately interposed in a common-law court. Under the rule in Di Menna v Cooper & Evans Co. (supra), and subsequent authorities, and a jury demand having been filed by the defendant, the court believes that at least *226 prima facie, defendant could be entitled to a jury trial of the counterclaims. However, because of the complexity of the issues presented and the rambling and discursive nature of the third counterclaim, it is difficult, if not impossible, to rule definitively on this issue prior to the taking of evidence relating to the alleged oral modification. The court, therefore, defers ruling upon defendant’s entitlement to a jury trial of its counterclaims.
Recognizing the possibility that the defendant may ultimately prevail on this issue, the court, upon its own motion, pursuant to CPLR 4212, orders that an advisory jury be impaneled to hear the evidence in the foreclosure action and to render such advisory verdict or verdicts upon such issues as the court shall submit to it. (See Carroll v Deimel, 95 NY 252, supra.) This procedure will obviate a needless repetition of trial evidence and serve the interests of judicial economy.
The court therefore orders the trial of the foreclosure action to proceed forthwith before the court and an advisory jury. Trial of defendant’s counterclaims is to be held in abeyance pending the outcome thereof. (Chemical Bank v 1364 Dean St. Corp., 53 AD2d 882.)